IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-02173-PAB-BNB

MIRIAM WHITE,

Plaintiff,

v.

DEERE & COMPANY,
JOHN DEERE LIMITED, and
JOHN DOES 1-5,

Defendants.

_____

**ORDER**
_____

This matter arises on the following:

(1)     The **Motion to Substitute Counsel** [Doc. # 32, filed 10/24/2014] (the "Motion to Substitute"); and

(2)     **Plaintiff's Motion for a Protective Order** [Doc. # 33, filed 10/27/2014] (the "Motion for Protective Order").

The motions seek multiple relief.  First, S. Reed Morgan enters his appearance as co-counsel for the plaintiff; second, the Motion to Substitute seeks an order allowing Kenneth E. Peck of the Peck Law Firm, LLC, to withdraw; and, finally, the Motion for Protective Order seeks to relieve the plaintiff of her obligation to appear for her deposition which is set to begin on October 28, 2014.

I held a hearing on September 30, 2014, on the plaintiff's counsel's previous motion to withdraw [Doc. # 25] filed by Mr. Peck.  At the hearing, defense counsel questioned whether the

plaintiff's alleged head injury may include a cognitive component, and I observed during the hearing that the plaintiff's thought processes were delayed and her speech was halting. Because I was concerned about the plaintiff's ability to proceed pro se, I denied the initial motion to withdraw. In doing that, I informed plaintiff's counsel that he could renew his request to withdraw upon either (a) the entry of appearance of substitute counsel or (b) the filing of an affidavit by the plaintiff evidencing her understanding of the obligations imposed by proceeding pro se, her willingness to do so, and her statement that she does not currently intend to engage substitute counsel. I also granted the plaintiff's oral request for a protective order relieving the plaintiff of the obligation to sit for a deposition scheduled to begin on October 1, 2014.

To maintain the case schedule, I set the matter for a status conference to occur on October 21, 2014. In setting the status conference, I indicated that I expected to receive, prior to the status conference, either an entry of appearance of substitute counsel or the plaintiff's affidavit. No such filings were made.

Following the status conference, I entered an Order [Doc. # 31] indicating that I would not delay the case further. I ordered that Mr. Peck would remain as plaintiff's counsel, the initial motion to withdraw having been denied. Order [Doc. # 29]. I further ordered that the case should proceed through discovery, including the plaintiff's deposition, and I vacated any protective order concerning the plaintiff's deposition. Order [Doc. # 31].

Mr. Morgan finally entered his appearance on October 24, 2014. He seeks a protective order preventing the plaintiff's deposition from proceeding tomorrow based on the fact that he is a solo practitioner and that the press of other business precludes him from attending the plaintiff's deposition as noticed. The Motion fails to address that (1) Mr. Peck remains counsel

of record and is available to defend the deposition and (2) the press of other business is not good cause supporting a motion for extension of time or for a protective order.  PAB Practice Standards--Civ. at I.G.1.  Notwithstanding these failings, which would dictate denial of the requested protective order, defense counsel indicates an intention to reset the plaintiff's deposition to the week of November 10, 2014, rendering moot the Motion for Protective Order [Doc. # 33].

    IT IS ORDERED:

    (1)    The Motion for Protective Order [Doc. # 33] is DENIED as moot.

    (2)    The Motion to Substitute [Doc. # 32] is GRANTED, and Kenneth E. Peck of the Peck Law Firm, LLC, is allowed to withdraw and shall have no continuing responsibility in the action.

    Dated October 27, 2014.

                              BY THE COURT:

                              s/ Boyd N. Boland
                              United States Magistrate Judge