# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02173-PAB-NYW

MIRIAM WHITE,

      Plaintiff,

v.

DEERE & COMPANY,
JOHN DEERE LIMITED,
JOHN DOES 1-5,

      Defendants.

---

## ORDER ON PENDING DISCOVERY MOTIONS

---

Magistrate Judge Nina Y. Wang

      This matter is before the court on several discovery motions arising within the last months and, in some cases, after the close of discovery:

      (1)     Plaintiff's Motion & Memorandum in Support Thereof to Depose Mr. Carlton Hern [sic] [#89] filed on May 14, 2015;[1]

      (2)     Plaintiff's Motion for Leave to Depose Witnesses and Compel Production of Documents [#99] filed on June 18, 2015;

      (3)     Plaintiff's Second Motion to Modify Scheduling Order [#100] filed on June 18, 2015;

      (4)     Defendant's Motion to Strike Plaintiff's Reply to Motion to Depose Carlton Hearn [#118] filed July 13, 2015; and

---

[1] This Order refers to the ECF docket number for documents, and the page number as assigned by the court's ECF system for consistency and ease of reference.

(5)     Plaintiff's Motion to Defer Determination of or to Deny Defendants' Motion for

Summary Judgment [Doc. #108] Pursuant to F.R.C.P. 56(d), with Incorporated Authority [#121]

filed on July 15, 2015.

These motions were referred to the undersigned Magistrate Judge pursuant to the Order

of Reference dated August 27, 2013 [#9], the Reassignment dated February 9, 2015 [#54], and

various Memoranda referring each specific motion [#92, #101, #122, #141].  The court has

reviewed the extensive papers and exhibits submitted by both Parties, considered the applicable

case law, entertained oral argument on August 27, 2015 and is sufficiently advised of the

premises.  For the reasons set forth below, the court DENIES all of the pending discovery

motions and confirms that discovery in this matter is CLOSED.

## BACKGROUND AND RELEVANT PROCEDURAL HISTORY

The following discussion traces the long and tumultuous history of this case, as relevant

to the pending motions.  Plaintiff Miriam White ("Plaintiff") filed her Complaint in this action on

August 14, 2013, asserting various claims arising from an injury she sustained while using

products manufactured and sold by John Deere & Company and John Deere Limited

("Defendants" or "Deere").   [#3-1].   On January 14, 2014, this court held a Scheduling

Conference and issued a Scheduling Order.  [#17].  In that Order, the Parties were limited to 10

fact witnesses, and then specially retained experts.  [*Id.* at 10].  The Parties were also permitted

to serve 30 interrogatories; 30 requests for production; and 30 requests for admissions.  [*Id.* at

10-11].  The discovery cut-off was originally set for October 14, 2014.  [*Id.*].  This discovery

deadline was already beyond the presumptive discovery period reflected in the Honorable Philip

A. Brimmer's Practice Standards for Civil Cases ("Brimmer Practice Standards"), § I, ¶ E.

Under the Federal Rules of Civil Procedure, discovery opened as of January 1, 2014 – 21 days

prior to the Scheduling Conference set pursuant to Rule 16(b) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 26(d), (f).

Five months later, on May 22, 2014, Plaintiff propounded her first sets of interrogatories and requests for admission on Defendants.  [#22].  Deere responded to those Interrogatories and Requests for Admission on July 15, 2014.  [#47-1].  Deere then supplemented its responses to the Interrogatories and Requests for Admission on December 23, 2014, after the Parties' conferred regarding deficiencies relating to Defendants' responses.  The Interrogatories did not include any request for the identification of Defendants' engineers involved in the design of the 460 Loader and 4600 Tractor ("product at issue").  [*Id.*].  The Parties confirmed at oral argument that no other interrogatories or requests for admission have been served by Plaintiff in this matter.

On June 10, 2014, Plaintiff filed her first Unopposed Motion to Amend the Scheduling Order, citing the health problems of one of Plaintiff's anticipated experts on issues including causation and design defects.  [#19].  The court granted Plaintiff's Motion, and delayed the discovery cut-off to March 16, 2015 while also moving the interim deadlines for the Parties' expert designations to January 14, 2015 and February 13, 2015, respectively.  [#21].

On October 27, 2014, the court granted Plaintiff's request for substitution of counsel, permitting the entry of appearance of Plaintiff's current counsel of record in this action.  [#38]. Based on this substitution of counsel, Plaintiff filed an additional unopposed Motion to Extend Deadline to Designate Expert Witnesses and Complete Discovery on December 1, 2014.  [#41]. The Motion represented that its purpose was "to re-set deadlines to enable plaintiff to prepare this matter in a diligent manner for trial."  [*Id.* at 1-2].  As grounds, Plaintiff stated, *inter alia*, that discovery to date had not yet included "taking of depositions of the defendant's engineers or

of fact witnesses." [*Id.* at 2]. The court again granted Plaintiff's request for discovery extensions, and re-set the discovery cut-off to April 30, 2015. [#43]. The dispositive motion deadline was set for June 30, 2015. [*Id.*].

On December 16, 2014, Plaintiff served her "First Set of Requests to Defendants for Production of Documents." [#45]. Deere responded to these Requests for Production on February 5, 2015. [#59-1]. On December 17, 2015, Plaintiff provided Defendant with a draft Fed. Rule Civ. P. 30(b)(6) notice. [#51]. With respect to Plaintiff's Interrogatories, Requests for Production, and 30(b)(6) Notice, the Parties reached an impasse regarding the proper scope of discovery in this action as to the relevant universe of products and potential hazards. As a result, on January 22, 2015, Plaintiff filed a Motion to Compel Complete Answers to Interrogatories with respect to her first set of 15 interrogatories – more than six months after Deere served its original responses. [#47, #47-1] ("Motion to Compel Complete Answers to Interrogatories"). On February 4, 2015, Defendants filed a Motion for Protective Order to limit the scope of Plaintiff's 30(b)(6) Notice of Deposition. [#51] ("Motion for Protective Order"). On February 24, 2015, Plaintiff filed a "Motion to Compel Her First Set of Requests for Production." [#59] ("Motion to Compel Further Responses to Requests for Production").

On February 13, 2015, the Parties filed a Joint Motion for Extension of Time to Designate Expert Witnesses and Extend Discovery Cut-Off. [#56]. The joint filing represented that the changes requested would not "impact[]" the dispositive motion and pre-trial conference deadlines, which had previously been set for June 30, 2015 and September 3, 2015, respectively. [*Id.* at 5]. On March 3, 2015, the court entertained oral argument as to Plaintiff's Motion to Compel Complete Answers to Interrogatories and Defendants' Motion for Protective Order. [#68]. That same day, the court entered a Minute Order granting the Parties' joint request for

discovery deadline extensions. [#69]. The court re-set the discovery cut-off to May 29, 2015, with interim deadlines of April 16, 2015 and May 7, 2015 for the designation of Plaintiff's and Defendants' experts, respectively. [*Id.*]. Plaintiff was given until May 21, 2015 to designate rebuttal witnesses. [*Id.*]

On March 16, 2015, Defendants filed a response to Plaintiff's Motion to Compel Further Responses to Requests for Production. [#72]. Shortly thereafter, on March 23, 2015, the court entered on omnibus order on Plaintiff's Motion to Compel Complete Answers to Interrogatories; Plaintiff's Motion to Compel Further Responses to Requests for Production; and Defendants' Motion for Protective Order. In its Order, the court specifically addressed the proper scope of discovery in this action as to the relevant universe of products, hazards, and accidents. [#77]. Consistent with its instructions to the Parties at the March 3, 2015 oral argument, the court entered an order on the relevant scope of discovery in this action based on the record before it. Finding that courts had required a showing that "other accidents or products are similar enough that discovery concerning those incidents is reasonably calculated to lead to the uncovering of substantially similar occurrences," the court concluded that Plaintiff's discovery requests were presumptively limited to the "design and functionality of the 4600 Tractor, 4500 Tractor, 4700 Tractor, 460 Loader, and the accessories associated with the 460 Loader (such as buckets, forks, and spears) as they relate to fall back accidents."[2] [#77 at 10-11, 22]. The court then ordered

---

[2] In reaching this conclusion, the court – which had considered the statements proferred by Plaintiff's expert, Tom Berry [#70-1] – determined that Plaintiff had failed to establish a "substantial similarity" between the evidence she sought about all Deere front-loaders and tractors and the product-at-issue. [#77 at 11]. Plaintiff did not object to this order, nor did she seek reconsideration of it based on any claimed legal error or relevant intervening change in circumstance. Nor did Plaintiff ever demonstrate to the court that she had evidence that there was a substantial similarity between the 460 Loader and 4600 Tractor included other products than 4500 Tractor and the 4700 Tractor. Even in Mr. Berry's eventual expert report, he does not

Deere to supplement certain discovery responses, and provide such supplementation no later than April 1, 2015.  [#78].

Originally, the Rule 30(b)(6) deposition of Defendants was scheduled for April 9, 2015. [#117 at 3].   An informal discovery conference was held before the court to discuss the scheduling of this deposition when Plaintiff's counsel was in trial.  [#80].  During that informal discovery conference, the court made clear that no discovery deadlines were being adjusted due to the press of counsel's other obligations and that the deadline for expert disclosures remained for April 16, 2015.  [*Id.*].  At that point, discovery had been open for over 16 months – almost three times the presumptive limit identified by Judge Brimmer.  The Rule 30(b)(6) Deposition of Deere was then re-set for, and proceeded on, April 29, 2015.  [#117 at 3; #89-1].

Based on her dissatisfaction with certain supplemental discovery responses provided by Defendants in early April, and with certain testimony provided by Defendants' corporate designee Ken Ney on April 29, Plaintiff initiated a number of informal discovery conferences with the court and then filed a series of pending and interrelated motions for discovery relief after participating in the court's informal discovery dispute process.  Pursuant to the court's order at a May 15, 2015 informal discovery conference, Plaintiff was permitted to take the limited depositions of five Deere employees identified by Mr. Ney during his deposition to confirm defense counsel's representations that none of the five employees had direct involvement with the design or manufacture of the product-at-issue.  [#84].  These pending motions arise from testimony provided either by Mr. Ney, or by the five other Deere employees, all taken within the last month of the discovery period.

---

identify any specific tractors and/or loaders that are "substantially similar" in design to the 460 Loader and 4600 Tractor at issue in this case.

*Deposition of Carlton Hearn.* During the May 15 discovery conference, Plaintiff's counsel indicated that he wished to take the deposition of Carlton Hearn, who was characterized as an individual who had information regarding the product-at issue. The court directed Plaintiff to file an appropriate motion no later than May 20, 2015. [#84]. Plaintiff filed a Motion to Depose Carlton Hern[3] [sic] on that date. [#89] ("Motion to Depose Carlton Hearn"). Plaintiff argues that she is entitled to depose Mr. Hearn because (1) "Mr. Hern is responsible for safety with respect to the interface between John Deere tractors and loaders;" (2) he works at the "Augusta, Ga. Plant where the 4600 tractor was made;" and (3) Mr. Ney was not able to fully answer all questions asked by Plaintiff's counsel at Mr. Ney's 30(b)(6) deposition. [#89]. Defendants oppose the deposition of Mr. Hearn, arguing that Mr. Ney was appropriately prepared for depositions; that Mr. Ney testified that when he consulted other existing employees of Deere, no one had any direct involvement with the design or manufacture of the product-at issue, and that Mr. Hearn confirmed in his declaration that he has no direct knowledge of the design or manufacture of the 460 Loader or 4600 Tractor. [#96; #96-2]. For the first time in Reply (styled as a "rebuttal") to the Motion to Depose Carlton Hearn, Plaintiff submitted a declaration from her expert, Tom Berry, who opined a 4120 Tractor and the H180 Loader combination was "substantially similar," to the product-at issue, due to the horsepower, wheel base, and the similar maximum lift capacity [#105-1 at ¶ 10]. Mr. Berry did not pass on any other "substantially similar" Deere products. [#105-1]. Defendants seek to strike the Reply, as raising new arguments that were not raised in the affirmative motion.

---

[3] The correct spelling of Mr. Hearn's last name includes an "a," as reflected in his signed declaration. [#96-2]. This spelling will be reflected except where the court is quoting directly from Plaintiff's papers.

***Motion to Compel.***   On June 18, 2015, Plaintiff filed a Motion for Leave to Depose Witnesses and Compel Production of Documents.   [#99] ("Motion to Compel").   The Motion to Compel seeks a court order requiring Defendants to:   (1) "assist in obtaining the depositions of the engineers that designed the Model 460, by giving the last known contact information for Mr. Dennis Schoenmaker and Mr. Rory Rae;" (2) compel Defendants to produce "each iternation of the following documents Plaintiff produced to Deere, i.e., a) John Deere Product Safety Manual, [1997]; b) The Product Safety Guideline Hazard Discovery and Rating System manual, [HDRS] for Deere, [1979], c) The Deere "Hay and Foraging Manual," [1976, 1983, 1987, and 19930, and d) The Deere JDS-D48 Design Standard for Safety Signs, [revised 1991]."   [*Id.*].   Plaintiff also seeks to compel a copy of the "'report' that Mr. Ney received on what the five witnesses said about names of design engineers during their original conversations (Ney pg. 42:40-43:20)"; to further comply Deere to supplement its production on the "Marketing and Sales Materials (including brochures, web pages, advertisement, etc.)" in response to Topics 4 and 10 of the Rule 30(b)(6) Deposition Notice and Requests for Production Nos. 1 and 30; and to order depositions of Deere personnel that "designed, tested, and studied human factors and safety on the 4600 tractor, whose names were not disclosed in Mr. Ney's deposition."[4]   [*Id.* at 8].   In order to accommodate Plaintiff's relief, the court would be required to reopen discovery that closed on May 29, 2015.

***Second Motion to Modify.***   On June 18, 2015, Plaintiff also filed a Second Motion to Modify Scheduling Order ("Second Motion to Modify"), incorporating the content of her First Motion to Compel by reference.   [#100].   In that Motion, Plaintiff argues that "[i]n order to prevent a manifest injustice to White, the Scheduling Order in this case must be modified, to

---

[4]   Though not specifically identified in the Relief Sought and Prayer section of the briefing, Plaintiff also appears to seek the further deposition of Mr. Finck.   [#99 at 8].

extend the time for discovery and to allow White to take the depositions of the individuals disclosed." [#100 at 1]. Plaintiff sought five additional depositions, but failed to identify within the Motion if those five individuals were inclusive or in addition to the other depositions sought of Mr. Hearn, Mr. Rae, Mr. Schoenmaker, and Mr. Finck. Because of the incorporation of the Motion to Compel, the court construes this request as Plaintiff's request to take the four identified depositions, and another unidentified deposition.

*Rule 56(d) Motion.* Next, on July 15, 2015, Plaintiff filed a Motion to Defer Determination of, or to Deny, Defendants' Motion for Summary Judgment Pursuant to F.R.C.P. 56(d), with Incorporated Authority ("Rule 56(d) Motion"). [#121]. At the core of Plaintiff's Rule 56(d) Motion is the assertion that Defendants failed to supplement prior discovery responses in this action to reflect the development of what Plaintiff contends to be successor products to the 460 Loader at issue in this litigation, *i.e.*, the Model 400CX or Model H180 loaders and the Model 4120 tractor. [#121]. In support of her Rule 56(d) Motion, Plaintiff contends that Defendants did not respond to Interrogatory No. 3, as ordered by the court; and that Defendant withheld information about other models of Deere equipment, namely the Model 400CX and the Model H180 loaders that was responsive to Requests for Production Nos. 3 and 5. [*Id.*]. In support of the Rule 56(d) Motion, Plaintiff relies on the Declaration of her counsel, who attests, *inter alia*, that "Plaintiff's Requests for Production No. 3 and No. 5 implicitly cover the 400CX loader, and the newer H180 loader, as reflecting products made to eliminate risks of harm due to the foreseeable misuse…" [#121-1 at ¶ 5].

## ANALYSIS

### I.      Standard of Review

#### A.      Discovery Under the Federal Rules

While Rule 26 of the Federal Rules of Civil Procedure contemplates liberal discovery of matters that may be reasonably calculated to lead to admissible evidence, a party does not have an unfettered or absolute right to discovery.  *See Witt v. GC Ltd Partnership*, 307 F.R.D. 554, 559 (D. Colo. 2014).  As discussed in this court's March 23 Order, a proportionality analysis is inherent to Rule 26.  Rule 26(b)(2)(C) allows a court to limit discovery on motion or on its own if it determines that:  (1) the discovery sought is unreasonably cumulative or duplicative, or may be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in this action; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of discovery in resolving them.  Fed. R. Civ. P. 26(a)(2)(C).

#### B.      Rule 30(b)(6) Deposition

For a Rule 30(b)(6) deposition to function effectively, "the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Berwick v. Hartford Fire Ins. Co.*, Civil Action No. 11–cv–01384–MEH–KMT, 2012 WL 573939, at *2 (D.Colo. Feb. 21, 2012). In return, a corporate deponent must prepare its representative designee or designees to provide reasonably comprehensive testimony on properly noticed topics based on information and documents reasonably available to the corporate deponent. Fed. R. Civ. P. 30(b)(6). The law is

well-settled that corporations have an obligation to make available as many people as necessary to give complete, knowledgeable, and binding answers. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1146 (10th Cir. 2007). However, the "fact that the designee cannot answer every question posed at the deposition does not mean that the organization failed to satisfy its obligation to prepare the witness." *Int'l Bhd. of Teamsters, Airline Div. v. Frontier Airlines, Inc.*, Civil Action No. 11–cv–02007–MSK–KLM, 2013 WL 627149, at *6 (D. Colo. Feb. 19, 2013) (citation and quotation omitted); *see also Estrada v. Wass*, Civil Action No. 3:10–CV–1560, 2012 WL 1268533, at *2 (M.D. Pa. Apr. 16, 2012) (designee "need not have perfect responses to each question, nor a clairvoyant ability to predict every single question that may be posed"). To determine whether Defendants have satisfied their obligations under Rule 30(b)(6), the court considers the topics as propounded as compared to the testimony provided by the Rule 30(b)(6) deponent; its March 23 Order defining the appropriate scope of discovery, including the Rule 30(b)(6) deposition topics; and indicia of good faith of the Parties.

### C.    Extension to Discovery

Plaintiff seeks to reopen discovery that closed on May 29, 2015, after extensions that amounted to adding seven months of discovery to the original deadline set for October 2014. Modification of a scheduling order "to extend or reopen discovery is committed to the sound discretion" of the trial court. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir.1987). Rule 16(b)(4) makes clear that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To demonstrate "good cause," a litigant must show that the scheduling deadline could not have been met despite her diligent efforts. *See Enterprise Mgmt. Ltd., Inc. v. Warwick*, Civil Action No. 10–cv–00660–JLK–KMT, 2012 WL 1110081, *2 (D. Colo. Apr. 3, 2012) (citing Advisory Comm. Notes to 1983 Am. to Fed. R. Civ. P. 16(b)).

Relevant factors the trial court should look to in exercising its discretion to determine whether good cause exists for such modification include: (1) whether trial is imminent, (2) whether the request is opposed, (3) prejudice to the non-moving party, (4) whether the moving party was diligent in obtaining discovery, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court, and (6) the likelihood that discovery will lead to relevant evidence.  *Smith*, 834 F.2d at 169.  Judge Brimmer's Practice Standards also guide this court's inquiry and unequivocally state that the following reasons do not constitute good cause for an extension:  "agreement of counsel; inconvenience to counsel or to the parties; the press of business; conflicts in scheduling; or practice as a sole practitioner." Brimmer Practice Standards, § I, ¶ F.

### D.    Rule 56(d) Motion

The diligence of the moving party is also critical in determining whether a party's request for discovery relief pursuant to Rule 56(d) should be granted.  *See Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir .1993) (holding that such relief should not be granted absent diligent prior efforts to secure the discovery put at issue by Rule 56(d) motion and affidavit).  Moreover, by the plain terms of Rule 56(d), the non-movant is not entitled to relief absent a specific showing that it cannot yet show facts "essential" to its opposition.  Fed. Rule Civ. P. 56(d).  "This includes identifying the probable facts not available and what steps have been taken to obtain these facts. The affidavit must also state with specificity why extra time is needed and how the additional time and material will rebut the summary judgment motion."  *Southway v. Cent. Bank of Nig.*, 149 F. Supp. 2d 1268, 1277-78 (D. Colo. 2001) (internal citations and quotations omitted).

## II.     Motion to Depose Carlton Hearn

Plaintiff's Motion to Depose Carlton Hearn rests on the premise that Mr. Ney was inadequately prepared for his 30(b)(6) deposition, and that Mr. Ney's deposition testimony indicated that Mr. Hearn had information regarding the product-at-issue.  The court respectfully disagrees.  As an initial matter, Plaintiff fails to make a persuasive showing that Mr. Ney failed to adequately prepare to testify regarding properly noticed topics based on the information and documents reasonably available to Defendants.  While Plaintiff first argues that Mr. Ney was unaware of the existence of purportedly substantially similar successor products to the 460 Loader, and was unable to testify to them [#105 at 5-6], the court's March 23 Order previously limited to the scope of relevant discovery in this action to the 460 Loader, the 4600 Tractor, the 4500 Tractor, and the 4700 Tractor.  [#77 at 18-21].  As a result, Defendants were not obliged to educate Mr. Ney as to other loaders that were outside the scope of the court's order.[5]

An examination of the Interrogatories and Rule 30(b)(6) deposition topics further confirm that Defendants were not asked, and therefore, were not obligated to prepare Mr. Ney for questions regarding the loader-tractor interface, generally, or the subsequent Model 400CX or Model H180 Loader or the 4120 Tractor.  In addition to the court's order limiting discovery to the 460 Loader and the 4500, 4600, and 4700 Tractors, Plaintiff's Interrogatories never ask Deere to identify any machinery that was "substantially similar" to the product-at-issue, or machinery that shared the same horsepower or identical wheelbase or maximum lift capacity.  [#47-1].  Plaintiff now contends that Mr. Hearn's testimony as a Rule 30(b)(6) deponent is

---

[5] Although Plaintiff's expert Mr. Berry now declares that there are other similar products [#105-1], no such information was provided to the court before the Rule 30(b)(6) deposition or even the close of discovery, even though Mr. Berry was working with Plaintiff well before the discovery cut-off.  Defendants were not required to predict that Plaintiff might subsequently contend certain other products were substantially similar.  *Estrada*, 2012 WL 1268533, at *2.

necessary to fill the gaps in Mr. Ney's testimony, but those gaps arose not from Defendants' lack of preparation or good faith, but from Plaintiff's failure to solicit the specific information she now seeks.

To the extent Plaintiff seeks to depose Mr. Hearn in his individual capacity based on his own knowledge, Mr. Hearn has disclaimed any involvement with the Deere products within the court's March 23 Order. [#96-2]. Plaintiff offers no support for her bald assetion that "Mr. Hern [] should be intimately familiar with the risk assessments and the hazard analysis for risks of harm in the use of tractors and loaders, including the subject equipment models." [#89 at 3]. In fact, Mr. Ney testified that when he asked Mr. Hearn, who identified as the engineer who currently handles the interface between tractors and loaders, he did not know who was involved the design. [#89-1 at 50:7-25]. Mr. Hearn is then never again discussed in the deposition. [#89-1].

Finally, while Plaintiff insists that she "entitled" to pursue Mr. Hearn's deposition under the liberal standards of Rule 26 [#89 at 3], the circumstances of this case indicate otherwise. As discussed above, given Mr. Hearn's sworn statement that he was not involved with the product-at-issue, the potential benefit to Plaintiff is outweighed by the burden to Defendants. In addition, while Plaintiff may have been able to request Mr. Hearn's individual deposition through discovery, her current eleventh hour request does not merit the reopening of discovery. Plaintiff has failed to establish that she was diligent in identifying Mr. Hearn. Plaintiff never asked through Interrogatories for Deere to identify similar products to the 460 Loader and 4600 Tractor. She also did not ask who was involved with the design, manufacture, development, or marketing of the product-at-issue – despite the fact that she only used half of her allotted 30 interrogatories. [#47-1]. Nor did she ask Deere to identify any individual who had worked on

the interface between tractors and loaders. [*Id.*]. Even if Mr. Ney had identified Mr. Hearn as an individual with knowledge relevant to this action, which he did not, Plaintiffs have not established any type of diligence in pursuing this discovery.

The court accordingly declines to order that Mr. Hearn be compelled to provide testimony on the record before it.[6]

### III.    Motion to Compel/Motion to Modify

As discussed above, the court's determination as to whether to reopen discovery is guided by the following factors: (1) whether trial is imminent, (2) whether the request is opposed, (3) prejudice to the non-moving party, (4) whether the moving party was diligent in obtaining discovery, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court, and (6) the likelihood that discovery will lead to relevant evidence. *Smith*, 834 F.2d at 169 (10th Cir. 1987); *Celani v. Neumeyer*, Civil Action No. 09–cv–01501–PAB–KLM, 2011 WL 4972058 (D.Colo. Oct. 19, 2011).

Plaintiff argues that because Mr. Ney did not identify former Deere employees Rae Rory and Dennis Schoenmaker as having been involved in the design of the product-at-issue at the Rule 30(b)(6) deposition, Mr. Ney, Deere, and Deere's attorneys were intentionally concealing these names. [#99]. As a result, Plaintiff reasons that Deere should be compelled to identify the last known address of two former employees that potentially were involved with the product-at-

---

[6] Defendants move to strike Plaintiff's Reply to the Motion for Deposition of Carlton Hearn on the basis it raises issues and introduces evidence for the first time on Reply, rather than in an affirmative motion. [#118]. As Defendants note, the court may decline to consider arguments or evidence raised for the first time on reply. *See Kerber v. Qwest Group Life Ins. Plan*, 727 F. Supp. 2d 1076, 1079 (D. Colo. 2010). While it would be appropriate to strike the Reply because the new arguments and evidence do not address an argument Defendants raised in Response, *see In Re Gold Resource Corp. Sec. Litig.*, 957 F. Supp. 2d 1284, 1291 (D. Colo. 2013), the court declines to do so because even considering the Reply, the only conclusion that the court draws is that Plaintiff failed to timely seek modification of the court's March 23 Order to include products beyond the 460 Loader, 4500, 4600, and 4700 Tractors.

issue and that Deere should be required to assist in securing their deposition testimony. [*Id.* at 8-9]. Plaintiff also contends that Deere should be compelled to produce other versions of four manuals – manuals produced by Plaintiff to Deere [#77 at 25] – because Mr. Ney testified that such manuals were used in the design of the 460 Loader and 4600 Tractor. In her Motion to Modify, which appears entirely cumulative of the Motion to Compel, Plaintiff seeks five additional depositions of Deere engineers without identifying by name those engineers. [#100].

Contrary to her assertions, Plaintiff fails to identify any question asked by her counsel at Mr. Ney's deposition that would clearly elicit information regarding former as opposed to current Deere employees who might have been involved in the design of the product-at-issue. In addition, Plaintiff does not cite any authority that supports the proposition that a witness – either in an individual or in a corporate representative capacity – is required to offer information that is not specifically asked during a deposition simply because it is arguably encompassed within a Rule 30(b)(6) topic. Defense counsel represented on the record to the court, and Plaintiff provides no contrary evidence, that Mr. Rae and Mr. Schoenmaker are not employed by Defendants, their subsidiaries or their affiliates, and are not under the custody and control of Defendants. Nor can Plaintiff demonstrate that she has been diligent in seeking this information about Mr. Rae's or Mr. Schoenmaker's potential roles in the design of the product-at-issue. Not a single Interrogatory inquires who was involved in the design of the 460 Loader or the 4600 Tractor. [#47-1]. And though Plaintiff indicated in its December 1 motion to modify the scheduling order that it intended to take the depositions of defendant's engineers, it did not start taking any depositions of Deere employees until April 29, 2015. Plaintiff also provides no justification why she should be able to unilaterally exceed the limit of ten fact depositions set by

the Scheduling Order, which would occur if she were permitted to take five additional depositions. [#17 at 10].

Although no trial date has yet been set, Plaintiff has not addressed why any of the belatedly requested discovery could not have been obtained prior to the close of discovery if diligently sought prior to the eve of the close of fact discovery. Along with providing a generous time period of discovery in the first instance [#17 at 11], the court repeatedly extended the deadlines for Plaintiff as she adjusted to her case and when she switched counsel. Despite this additional time, Plaintiff chose to wait to serve Requests for Production until December 2014 – a year after the opening of discovery; wait to challenge Defendants' Interrogatory Responses until over six months after they were served; and wait to take the corporate deposition of Deere until a month prior to the discovery cut-off. Unfortunately, Plaintiff is bound by the litigation choices made by her prior and current counsel. *See Mann v. Fernandez*, 615 F. Supp. 2d 1277, 1289-90 (D.N.M. 2009). The court will not award Plaintiff's choice to delay substantive discovery until the eve of the discovery deadline and prejudice Defendants with reopened discovery and further delays. At this point, the Parties are set for a Final Pretrial Conference in a week and should be planning for trial, not further discovery that may or may not yield any testimony, let alone relevant and admissible testimony.[7] Applying the *Smith* factors, the court concludes that reopening discovery would upend the progress of the case that the court and the Parties reasonably expected, without any reasonable justification or any guarantee that the contemplated discovery is either obtainable or relevant. *Wing v. Kaye Scholer, LLP*, No. 2:09–CV–371, 2010 WL 5020576, at *3 (D. Utah Dec. 3, 2010) (recognizing that the reopening of discovery would

---

[7] Mr. Rae and Mr. Schoenmaker were last employed by Deere in Canada, and presumably, if found and still residing there, Plaintiff may need to comply with the Hague Convention to secure their testimony. In addition, Mr. Hearn has already declared under oath that he was not involved in the design of the product-at-issue.

prejudice the defendant, as the "case [was] in the advanced stages of litigation [,] the parties are planning for trial ... [, and] [r]eopening discovery would upend the scheduling order upon which the parties have relied and built their expectations.").

## IV.   Motion to Defer

Even if the court was inclined to allow further discovery, which it is not, Plaintiff's lack of diligence in pursuing belatedly requested discovery is also fatal to her Rule 56(d) Motion. To the extent Plaintiff complains that the proper scope of discovery in this action should have embraced certain purported successor products to the 460 Loader, Plaintiff provides no explanation of why these products were not brought to Defendants' and the court's attention months ago (including when the court was called upon repeatedly to resolve the Parties' disputes as to the proper universe of relevant, discoverable products).

Moreover, Plaintiff's Motion to Defer and accompanying affidavit fail to explain how any of the discovery requested by the Motion would be either necessary or sufficient to Plaintiff's efforts to oppose Defendants' motion for summary judgment. At this point, all of Plaintiff's arguments about the relevance of the sought-after testimony are entirely speculative. None of Deere's employees has testified that any individual – Mr. Hearn, Mr. Finck, Mr. Rae, or Mr. Schoenmaker – has direct knowledge or specific recollection of the design of the product-at-issue or any specific risk of fall-back associated with the product-at-issue. Nor does Plaintiff explain how additional versions of the manuals are not cumulative of what materials were already in her possession and available when responding to summary judgment. Put simply, Plaintiff fails to explain how "the additional time and material [requested] will rebut the summary judgment motion." *Southway v. Cent. Bank of Nig.*, 149 F. Supp. 2d 1268, 1277-78 (D. Colo. 2001) (internal citations and quotations omitted).

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED**:

(1)     Plaintiff's Motion & Memorandum in Support Thereof to Depose Mr. Carlton Hern [sic] [#89] is **DENIED**;

(2)     Plaintiff's Motion for Leave to Depose Witnesses and Compel Production of Documents [#99] is **DENIED**;

(3)     Plaintiff's Second Motion to Modify Scheduling Order [#100] is **DENIED**;

(4)     Defendant's Motion to Strike Plaintiff's Reply to Motion to Depose Carlton Hearn [#118] is **DENIED**;

(5)     Plaintiff's Motion to Defer Determination of or to Deny Defendants' Motion for Summary Judgment [Doc. #108] Pursuant to F.R.C.P. 56(d), with Incorporated Authority [#121] is **DENIED**; and

(6)     Discovery in this matter is **CLOSED** and the Parties are hereby prohibited from filing any further discovery motions, without specific leave of court.


DATED:  August 28, 2015                          BY THE COURT:


                                                 s/ Nina Y. Wang
                                                 United States Magistrate Judge