# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02173-PAB-NYW

MIRIAM WHITE,

    Plaintiff,

v.

DEERE & COMPANY,
JOHN DEERE LIMITED,
JOHN DOES 1-5,

    Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Nina Y. Wang

    This matter is before the court on the First Motion to Amend Complaint, with Incorporated Authority ("Motion to Amend Complaint") [#114] [1] filed by Plaintiff Miriam White ("Plaintiff" or "Ms. White") on July 11, 2015. This motion was referred to the undersigned Magistrate Judge pursuant to the Order of Reference dated August 23, 2013 [#9], the Reassignment dated February 9, 2015 [#54], and the Memorandum dated July 13, 2015 [#115]. Defendants Deere & Company and John Deere Limited ("Defendants" or "Deere") responded to the Motion to Amend Complaint on August 4, 2015 [#132], and Plaintiff filed her Reply on August 24, 2015 [#140].

    The court has reviewed the papers submitted by both Parties, considered the applicable case law, and inquired of the Parties during the discovery hearing on August 27, 2015 if either

---

[1] This Order refers to the ECF docket number for documents, and the page number as assigned by the court's ECF system for consistency and ease of reference.

side wished to argue the Motion to Amend Complaint. Neither side requested a separate argument on the motion, nor does this court not believe that further argument would materially assist in the disposition of this Motion to Amend Complaint. As I am sufficiently advised of the premises, the undersigned Magistrate Judge respectfully RECOMMENDS that the Motion to Amend Complaint be DENIED.

## BACKGROUND AND RELEVANT PROCEDURAL HISTORY

The background and history of this case has been recounted in other court orders, *see e.g.*, [#77, #145], and therefore, this court will only focus on the background and procedural history relevant to the disposition of the instant Motion to Amend Complaint. Plaintiff Miriam White ("Plaintiff" or "Ms. White") was injured on August 17, 2011 while moving square hay bales with a tractor, front end loader, and material handling equipment manufactured and sold by by John Deere & Company and John Deere Limited ("Deere"). [#3-1 at ¶¶ 41-42]. Plaintiff named Deere and John Does 1-5 as Defendants (Deere and John Does 1-5 are collectively, "Defendants") in the Complaint filed on August 14, 2013. [#3-1 at 1].

As part of her Complaint, Ms. White alleged that "[t]he farm tractor, front end loader, and material handling attachments were purchased in June of 2002 from Elwood Power Equipment." [#3-1 at ¶ 16]. She further asserted that Elwood Power Equipment was "an authorized dealer, distributer [sic], and agent for Deere, Deere Limited, and/or John Does 1-5 at the time at which Elwood Power Equipment sold to Ms. White the new farm tractor, front end loader, and material handling attachments in Broomfield, Colorado." [*Id.* at ¶ 17]. In that and other paragraphs of the Complaint, Ms. White makes assertions about John Does 1-5, namely:

(1) The true names or capacities of the Defendants named herein as John Does 1-5 are unknown at this time to the Plaintiff, who therefore sues such Defendants by such fictitious names [#3-1 at ¶ 10];

(2) The Plaintiff will amend this Complaint to show the true names of John Does 1-5 when and if such names and capacities have been determined [*id.* at ¶ 11];

(3) Upon information and belief and at all times relevant to this Complaint, John Does 1-5 consisted of the respective John Does 1-5 and their subsidiaries, parent corporations, agents, alter-egos, amalgamated entities, partners, associates, joint ventures, servants, and/or representatives (herein identified collectively and individually as "John Does 1-5") [*id.* at ¶ 13];

(4) Upon information and belief and at all times relevant to this Complaint, John Does 1-5 engaged in the business of designing, manufacturing, assembling, fabricating, producing, preparing, testing, inspecting, distributing, and selling various types of farm equipment and/or components of farm equipment, including (but not limited to) farm tractors, front end loaders, and material handling attachments [*id.* at ¶ 14];

(5) Upon information and belief, Elwood Power Equipment was an authorized dealer, distributer, and agent for Deere, Deere Limited, and/or John Does 1-5 at the time at which Elwood Power Equipment sold to Ms. White the new farm tractor, front end loader, and material handling attachments in Broomfield, Colorado [*id.* at ¶ 17];

(6) John Does 1-5 directly or indirectly designed, manufactured, assembled, tested, inspected, prepared, and marketed the farm tractor, front end loader, and material handling attachments, which Ms. White purchased in June of 2002 [*id.* at ¶ 22]; and

(7) John Does 1-5 distributed and sold directly or indirectly the new farm tractor, front end loader, and material handling attachments, which Ms. White purchased in June of 2002 [*id.* at ¶ 25].

The Complaint asserted six causes of action: (1) strict product liability; (2) breach of implied warranty of merchantability; (3) negligence; (4) breach of express warranty; (5) breach of implied warrant of fitness for a particular purpose; and (6) strict product liability for misrepresentation. [#3-1 at ¶¶ 63-122]. All of the causes of action are brought against all Defendants.

On January 14, 2014, this court held a Scheduling Conference and issued a Scheduling Order. [#17]. In that Order, the court set the deadline for joinder of parties and amendment of pleadings to February 21, 2014. [*Id.* at 11]. That deadline was never altered by the court. The court also set deadlines for the expert discovery, the close of discovery, and dispositive motions. Through a series of motions of extension by both parties, the court ultimately extended those deadlines to April 16, 2015 for affirmative expert disclosures; May 7, 2015 for responsive expert disclosures; May 21, 2015 for rebuttal experts; May 29, 2015 for a close of discovery; and June 30, 2015[2] for dispositive motions. [#69]. After a series of discovery disputes, the court affirmed that discovery closed on May 29, 2015, and remained closed, by Order dated August 28, 2015. [#145].

On July 11, 2015, Plaintiff moved for leave to amend her Complaint for the first time. [#114]. In her Motion to Amend Complaint, Ms. White seeks, *inter alia*, to substitute John Does 1-5 with Elwood Power Equipment and to amend the Complaint to add her "latent claim" for a

---

[2] The Minute Order by the court inadvertently indicated that the discovery deadline was May 29, 2014 instead of May 29, 2015. [#69]. The Parties graciously did not point out the court's error but proceeded with the understanding that the discovery period closed on May 29, 2015.

4

violation of the Colorado Consumer Protection Act ("CCPA"). [*Id.* at 2]. In addition, Ms. White seeks to add facts because a "[f]ew new allegations are required to call White's Colorado Consumer Protection Act claim into play." [*Id.*] Deere opposes the proposed amendment, as "untimely, unsupported, and unjustified." [#132 at 1].

## ANALYSIS

**I.     Standard of Review**

As recognized by the Parties in this case, because Plaintiff filed her Motion to Amend Complaint after the February 21, 2014, the court's consideration is subject to a two-prong analysis. First, a party seeking leave to amend after the deadline set by a Scheduling Order must establish that there is good cause for seeking modification of such order pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. *See Gorsuch, Ltd., B.D. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Only after establishing good cause does the court then turn to whether amendment is proper under Rule 15(a) of the Federal Rules of Civil Procedure. *Id.* at 1242; *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).

The determination of good cause under Rule 16 lies within the sound discretion of the court. Fed. R. Civ. P. 16(b)(4). The focus on whether good cause exists focuses the diligence of the moving party seeking leave; a party establishes good cause when she demonstrates that the deadline in the Scheduling Order could not have been met despite a party's diligent efforts. *Pumpco*, 204 F.R.D. at 668. A party's delay in performing the necessary pretrial preparation to recognize a claim does not satisfy Rule 16(b)'s good cause standard. *See Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 688 (D. Colo. 2000).

If Plaintiff establishes good cause for the amendment of the Scheduling Order, then the court considers whether, under the more permissive standard of Rule 15(a), leave to amend should be granted. Again, the decision whether to permit amendment lies within the sound discretion of the court. *Zenith Radio Corp. v. Hazeltime Research Inc.*, 401 U.S. 321, 330 (1971). When considering whether to allow an amendment to a complaint, the court considers factors such as whether the amendment will result in undue prejudice to the defendant, whether the request was unduly and inexplicably delayed or offered in good faith, and whether the party had sufficient opportunity to state the claim but failed. *See Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990). In addition, in considering whether to add a party to the action, the court considers whether the party is properly joined under Rule 20(a)(2), and factors including undue prejudice, whether the request was unduly and inexplicably delayed, and whether it was offered in good faith. *See State Distrib., Inc. v. Glenmore Distill. Co.*, 738 F.2d 405, 416–17 (10th Cir. 1984).

**II.    Application of the Rule 16(b) Standard**

Instead of addressing whether she has been diligent in seeking amendment in this case, Plaintiff instead focuses her argument on attempting to establish that there would be "manifest injustice" if the court did not permit amendment of the Scheduling Order. [#114 at 4-5]. This court respectfully disagrees that Plaintiff can properly avoid establishing her own diligence, and with the conclusion that "manifest injustice" would occur if she is not be permitted to amend.

As an initial matter, it is unequivocal that Ms. White knew of the identity, actions, and relationship of Elwood Power Equipment to her, the tractor, front end loader, and the material handling attachments (collectively, "product-at-issue"), and Deere prior to the inception of this lawsuit. She admits in her motion that her Complaint identifies Elwood Power Equipment by

6

name [#114 at 3]; that she asserts that Elwood Power Equipment sold Ms. White the product-at-issue [*id.* at ¶ 15]; and that Elwood Power Equipment was an authorized Deere dealer, distributor, and agent [*id.* at ¶ 17]. Despite having all of this knowledge at the time of the filing of the Complaint in August 2013 (and most likely, since the time she purchased the product-at-issue in 2011), Ms. White did not name Elwood Power Equipment in the Complaint. Instead, she named John Does 1-5 – and plainly, from her descriptions, distinguishes them from Elwood Power Equipment, by stating that their names are currently unknown and referring to them in a single paragraph as different entities. *See, e.g.* [*id.* at ¶¶ 10, 17]. Because Ms. White had all the relevant facts at her disposal that would have permitted her to either name Elwood Power Equipment at the time of the Complaint, or to correct her Complaint to include Elwood Power Equipment before or shortly after the deadline set forth in the Scheduling Order, she has failed to state good cause as to why she was unable to meet the original deadline for amendment. *See Petekeiwicz v. Stebel*, No. 13–cv–01865–RM–KLM, 2015 WL 1740386, at *4 (D. Colo. April 14, 2015). Carelessness or a change of litigation strategy is simply not good cause. *See Colorado Visionary Academy*, 194 F.R.D. at 687.

Similarly, Ms. White has failed to establish good cause as to why the Scheduling Order should be amended to allow her to amend to include a "latent claim" for a violation of the CCPA. Ms. White articulates no reason why the additional facts proposed to support the CCPA claim were not available to her prior to February 21, 2014, or why she could not have included the CCPA claim in the original Complaint. Indeed, by February 2014, almost twelve years had elapsed since she purchased the product at issue. Any deceptive trade practices that Deere or Elwood Power Equipment engaged in, including a failure to provide proper warnings, or concealing any risk associated with the product-at-issue, occurred more than a decade prior to

7

the filing of her Complaint and the deadline to amend. *See* [#114-1 at ¶¶ 108-114]. Ms. White attempts to suggest through labeling the CCPA claim as "latent," confirms she knew about the alleged facts but failed to timely include the claim in her Complaint, or seek amendment prior to the Scheduling Order's deadline.

Because the court finds that Ms. White has failed to establish good cause for modification of the Scheduling Order, it does not reach the question as to whether amendment would be proper under Rule 15(a).[3] *See Gorsuch*, 771 F.3d at 1242.

## CONCLUSION

For the foregoing reasons, this court respectfully **RECOMMENDS** that the First Motion to Amend Complaint, with Incorporated Authority [#114] be DENIED.[4]

---

[3] Even if this court were to reach the issue of whether amendment was proper under Rule 15(a), it would find that the proposed amendment was unduly delayed given Plaintiff's knowledge at the time of filing the Complaint of the identity of Elwood Power Equipment and the facts underlying her proposed CCPA claim, *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993); unduly prejudicial to add a non-party as a defendant who has had no opportunity to participate in discovery and an additional claim against Deere after the close of discovery, and futile with respect to her failure to plead a cognizable CCPA claim by failing to allege particularized, non-conclusory facts that support all elements of such a claim, including identifying the alleged misrepresentation and the occurrence of a public, rather than a private, wrong. *See Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 147-149 (Colo. 2003) (en banc).

[4] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir.1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for de novo review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir.1996). Failure to make timely objections may bar de novo review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir.1999) (District Court's decision to review a Magistrate Judge's recommendation de novo despite the lack of an objection

DATED: September 4, 2015          BY THE COURT:

                                              s/ Nina Y. Wang
                                              United States Magistrate Judge

---

does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir.1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir.1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales–Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir.2005) (firm waiver rule does not apply when the interests of justice require review).