IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02173-PAB-NYW

MIRIAM WHITE,

      Plaintiff,

v.

DEERE & COMPANY,
JOHN DEERE LIMITED, and
JOHN DOES 1-5,

      Defendants.
_____

**ORDER**
_____

      This matter is before the Court on the Recommendation of United States

Magistrate Judge [Docket No. 153] filed on September 4, 2015.  The magistrate judge

recommends that the Court deny plaintiff Miriam White's First Motion to Amend

Complaint, with Incorporated Authority [Docket No. 114].  Docket No. 153 at 2.  Ms.

White filed objections [Docket No. 156] to the recommendation on September 18, 2015.

Defendants Deere & Co. and John Deere Limited ("defendants" or "Deere") filed a

response [Docket No. 160] to Ms. White's objections on October 5, 2015.

**I. BACKGROUND**

      The deadline for seeking to amend pleadings was February 21, 2014.  Docket

No. 17 at 11.  Ms. White moved to amend her complaint for the first time more than

seventeen months later, on July 11, 2015.  Docket No. 114.  In her motion to amend the

complaint, Ms. White seeks to substitute John Does 1-5 with Foltz Sales Co., Inc., d/b/a

Elwood Power Equipment, Inc., and to amend the complaint to add her "latent claim" for violation of the Colorado Consumer Protection Act.  *Id*. at 2.  On September 4, 2015, the magistrate judge recommended denying Ms. White's motion to amend.  Docket No. 153 at 2.  Ms. White argues that the magistrate judge applied the wrong legal standard and asks the Court to adopt the "manifest injustice test" of *Tyler v. Manhattan*, 118 F.3d 1400 (10th Cir. 1997).  Docket No. 156 at 2-3.

## II. STANDARD OF REVIEW

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  Accordingly, the Court reviews the magistrate judge's Recommendation *de novo*.

Fed. R. Civ. P. 15(a) generally addresses amendment of pleadings prior to trial and provides that a court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, when the deadline for amendment of pleadings in the scheduling order has passed, Rule 16(b) applies and states that a scheduling order deadline "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

In *Gorsuch, Ltd, B.C. v. Wells Fargo Nat'l Bank Ass'n,* 771 F.3d 1230, 1241 (10th Cir. 2014), the Tenth Circuit held that "[a]fter a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard."  *Id*. at

1240 (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).

Denial of leave to amend under Rule 15(a) is generally only "justified upon a showing of

undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure

to cure deficiencies by amendments previously allowed, or futility of amendment."

*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. v.*

*Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)); *accord Bylin v. Billings*,

568 F.3d 1224, 1229 (10th Cir. 2009).  Delay alone is an insufficient ground to deny

leave to amend; "[a]t some point, however, delay will become undue."  *Minter,* 451 F.3d

at 1205 (quoting *USX Corp. v. Barnhart*, 395 F.3d 161, 167 (3rd Cir. 2004).  The longer

the delay, the more likely the motion to amend will be denied because "protracted

delay, with its attendant burdens on the opponent and the court, is itself a sufficient

reason for the court to withhold permission to amend."  *Minter,* 451 F.3d at 1205

(quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)).

## III.  ANALYSIS

Plaintiff objects to the magistrate judge's recommendation as applying the

improper legal standard because the magistrate judge does not address *Tyler*, 118

F.3d 1400.  Docket No. 156 at 2-3.  Plaintiff argues that *Tyler* establishes a "manifest

injustice test for good cause" that must be addressed in considering a motion to amend.

*See* Docket No. 156 at 3-4.  Plaintiff, however, overlooks the fact that *Tyler* does not

review an order on a motion to amend a complaint and does not discuss Rules 15(a) or

16(b).  *Tyler*, 118 F.3d at 1403.  Rather, its discussion regarding "manifest injustice"

concerns Rule 16(e) modifications to a final pretrial order, which has no bearing on Ms.

White's motion to amend.  Thus, even if Ms. White was able to show that she would experience "manifest injustice" if unable to amend her complaint, that cannot satisfy the requirement of Rule 16(b) that she show good cause for her seventeen-month delay in seeking modification of the scheduling order.[1]

In her objection, Ms. White offers no justification for her delay and relies solely on her position that amendment is required to prevent manifest injustice.  Docket No. 156 at 3.  The Court agrees with the magistrate judge that Ms. White cannot "properly avoid establishing her own diligence . . . with the conclusion that 'manifest injustice' would occur if she is not [] permitted to amend."  Docket No. 153 at 6.  Since Ms. White has not shown good cause for her delay, the Court does not reach the question as to whether amendment would be proper under Rule 15(a).

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff's Objection to Magistrate Judge's Recommendation [Doc #153] Regarding Plaintiff's First Motion to Amend Complaint [Docket No. 156] is **OVERRULED**.  It is further

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 153] is **ACCEPTED**.  It is further

---

[1]Although *Gorsuch* was decided on November 4, 2014, it did not change the standard for determining motions to amend after the scheduling order deadline has passed.  In fact, *Gorsuch* cites as support *Pumpco*, a District of Colorado opinion from 2001.  *See also Sisneros v. Office of Pueblo County Sheriff*, No. 09-cv-01646-PAB-MJW, 2010 WL 2543557 (D. Colo. June 22, 2010); *Sterling Constr. Management, LLC v. Steadfast Ins. Co.*, No. 09-cv-02224-MSK-MJW, 2010 WL 3777544 (D. Colo. Sept. 21, 2010); *Texas Instruments, Inc. v. BIAX Corp.*, No. 07-cv-02370-WDM-MEH, 2009 WL 3158155 (D. Colo. Sept. 28, 2009).

4

**ORDERED** that Plaintiff's First Motion to Amend Complaint, with Incorporated

Authority [Docket No. 114] is **DENIED**.


DATED January 28, 2016.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge