IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02173-PAB-NYW

MIRIAM WHITE,

      Plaintiff,

v.

DEERE & COMPANY,
JOHN DEERE LIMITED, and
JOHN DOES 1-5,

      Defendants.

_____

**ORDER**
_____

      This matter is before the Court on defendants Deere & Company and John

Deere Limited's Motion for Summary Judgment [Docket No. 108].  This Court has

jurisdiction pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND[1]

      This case arises out of an accident that occurred on August 17, 2011 while

plaintiff Miriam White was operating her Deere Model 4600 compact utility tractor (the

"tractor") and Model 460 loader.  Ms. White purchased her tractor from Elwood Power

Equipment in July 2002.  Docket No. 108 at 2, Statement of Undisputed Material Fact

("SUMF") 1.  At the time of the accident, Ms. White owned, but chose not to use, a bale

spear attachment, albeit not a Deere bale spear attachment, that could be attached to

---

[1]The following facts are undisputed unless otherwise indicated.

the tractor and used to move hay bales, and to preclude hay bales from falling

backwards onto the operator by piercing the bales.[2]  *Id.* at 3, SUMF 4.

Ms. White received an operator's manual with her tractor, which she read cover

to cover.[3]  *Id.*, SUMF 5.  The manual contains the following warning about falling hay

bales:



**AVOID INJURY OR DEATH FROM FALLING BALES**

- To help prevent personal injury or death caused by falling loads DO NOT handle round or large square bales unless loader is equipped with approved bale handling equipment.
- If approved attachments are not used, the bale can fall on the operator when load is raised.
- Handle raised loads with caution.
- Carry bale low and drive slowly.

---

[2] Plaintiff denies Statement No. 4 on the grounds of relevance, that the statement is overly argumentative, and that the bale spear she owned did not work properly to lift bales of hay.  Docket No. 123 at 5, ¶ 4.  Plaintiff's relevance and argumentative objections constitute legal argument, which is not permitted in a Response to Statement of Undisputed Material Facts.  Practice Standards (Civil cases), Judge Philip A. Brimmer, § III.F.3.b.vii.  To support plaintiff's assertion that the bale spear did not work properly, plaintiff cites Ms. White's testimony that her bale spear attachment caused hay bales to break apart.  Docket No. 123 at 5, ¶ 4.  Such testimony does not dispute defendants' statement that the bale spear attachment "was specifically designed to move hay bales and preclude fallbacks by piercing the bales."  Docket No. 108 at 3, SUMF 4.  Thus, this statement is undisputed.

[3] Plaintiff does not dispute Statement No. 5, but states that plaintiff did not authenticate the 1998 manual from which Statement No. 5 quotes.  However, plaintiff admits to having received that version of the manual later in her response.  *See* Docket No. 123 at 15 (defendants "provided her with defective warnings in their 1998 Loader Manual").

*Id.*, SUMF 6;[4] *Id.* at 4, SUMF 7.[5]  The manual provides the following additional warnings about handling bales:[6]





---

[4] Plaintiff denies Statement No. 6, arguing that the manual "does not instruct specifically concerning the use of the loader, and it is incomplete and, therefore, misleading, and the prejudicial nature of its content outweighs any probative value that it might have."  Docket No. 123 at 5, ¶ 6.  This relevance argument constitutes impermissible legal argument.  *See* Practice Standards (Civil cases), Judge Philip A. Brimmer, § III.F.3.b.vii.  Plaintiff further disagrees about what the manual does and does not say, but these arguments are not responsive to and do not dispute the statements from the manual offered by defendants.  *See id.* at 5-6, ¶ 6.  Review of the cited sections of the manual confirm that defendants' statement is a verbatim quotation from the manual.  Docket No. 108-7 at 4.  Thus, Statement No. 6 is undisputed.

[5] Plaintiff denies Statement No. 7, the diagram, as irrelevant and misleading. Docket No. 123 at 6, ¶ 7.  This constitutes impermissible legal argument.  *See* Practice Standards (Civil cases), Judge Philip A. Brimmer, § III.F.3.b.vii.  Plaintiff further denies that the loader attachment in the drawing depicting the tractor shows a pallet fork ("the warning labels on the loader depict only a round bale rolling back off of an indeterminate loader attachment").  Docket No. 123 at 7, ¶ 7.

[6] Plaintiff denies that the bale spear in the picture next to the warning is an "approved bale handling attachment" and asserts that the illustration merely constitutes a bale spear without annotation.  Docket No. 123 at 7, ¶ 8.  The remainder of plaintiff's objections concern relevancy and adequacy of the warnings, which constitute inappropriate legal arguments.

*Id.*, SUMF 8.  The manual repeats its warning for users not to exceed a bale weight of 317 kg (700 lb) when instructing users on "Transporting Round or Large Square Bales Safely."  *Id.*, SUMF 9.[7]  The manual also provides direction on the proper use of the pallet fork attachment: "The forklift is used to handle materials on skids or pallets."  *Id.* at 5, SUMF 10.[8]

On August 17, 2011, Ms. White was using the tractor and pallet fork attachment to lift a 4 ft. x 4 ft. x 8 ft. hay bale that weighed approximately 1,500 pounds on top of two other similarly sized bales.  *Id.*, SUMF 12,[9] 13.  Prior to August 17, 2011, Ms. White had never attempted to stack bales of this size three bales high with the tractor.  *Id.* at

---

[7] Plaintiff denies Statement No. 9 as not having probative value.  This denial constitutes impermissible legal argument.  Docket No. 123 at 9, ¶ 9; *see* Practice Standards (Civil cases), Judge Philip A. Brimmer, § III.F.3.b.vii.  Statement No. 9 is deemed admitted.

[8] Plaintiff denies Statement No. 10 as not relevant, which constitutes impermissible legal argument.  Docket No. 123 at 10, ¶ 10; Practice Standards (Civil cases), Judge Philip A. Brimmer, § III.F.3.b.vii.  Plaintiff asserts that this fact is argumentative.  *Id.*  That assertion does not dispute defendants' statement of fact.  Plaintiff further argues that the quoted statement "does not inform the user that the exclusive use of the pallet fork attachment is to handle materials on skids and pallets," *id.*, but does not include a specific or general reference to the record disputing this fact.  *See* Practice Standards (Civil cases), Judge Philip A. Brimmer, § III.F.3.b.iv.  Statement No. 10 is deemed admitted.

[9] Plaintiff denies Statement No. 12 because its relevance is not supported by scientific evidence and because the statement "to sit atop two other similarly sized bales" is ambiguous.  Docket No. 123 at 10, ¶ 12.  Neither of these arguments disputes defendants' statement of fact.  *See* Docket No. 108 at 5, ¶ 12.  Moreover, plaintiff does not cite any evidence suggesting contrary or disputed facts.  *See* Practice Standards (Civil cases), Judge Philip A. Brimmer, § III.F.3.b.iv.  Statement No. 12 is deemed admitted.

SUMF 14.[10]  While stacking the hay bale, it fell, causing plaintiff significant facial

injuries.  *Id.* at 6, SUMF 16.

Ms. White testified that, as she lifted the hay bale, she made adjustments to

assure that the pallet fork tines on which the unsecured hay bale rested were level to

the ground and the backstop against which the bale rested was perpendicular to the

ground: "I had raised and leveled, raised and leveled, raised and leveled.  There was

nothing out of the normal."  *Id.*, SUMF 17, 18.  Ms. White recalls that the bale rotated

backwards, came down over the backstop, and then down the loader arms.  Docket No.

123-10 at 1, ¶ 1.  Ms. White denies over-rotating the pallet fork tines and backstop

rearward such that the bale could slide or roll over the backstop and fall onto her.  *Id.*,

SUMF 19.[11]

Other than plaintiff, there were no witnesses to the accident when it occurred and

there are no photographs or other physical evidence showing the positions of the pallet

fork tines and backstop at the time of the accident.  *Id.*, SUMF 22.[12]  The only post-

---

[10] Plaintiff argues that the relevance of Statement No. 18 is not supported by summary judgment evidence and asserts additional facts regarding John Deere's knowledge of how consumers operated John Deere equipment.  Docket No. 123 at 10, ¶ 14.  Plaintiff's arguments do not address defendants' statement of fact.  Plaintiff's relevance argument is impermissible legal argument.  *See* Practice Standards (Civil cases), Judge Philip A. Brimmer, § III.F.3.b.vii.  Statement No. 14 is undisputed.

[11] Plaintiff denies this statement of fact because it "is worded summarily and argumentatively to exclude and raise the assumption in the reader's mind that the hay bale could not, and did not, roll over the backstop and fall onto her."  Docket No. 123 at 11, ¶ 19.  Plaintiff includes many citations to the record which do not dispute the testimony referenced in this paragraph and which do not dispute that over-rotation did not cause a fallback.  *Id*.

[12] Plaintiff states that this fact is disputed, but provides no factual explanation of the reasons for the denial.  *See* Practice Standards (Civil cases), Judge Philip A.

accident witness able to testify about the position of the pallet fork tines and backstop, Tim Dinkel, recalled the tines being about 45 degrees from horizontal and the backstop 45 degrees from vertical. *Id*., SUMF 23.[13]

On June 30, 2015, defendants moved for summary judgment on all claims. Docket No. 108. Defendants make four arguments in support of their motion: (1) Ms. White's claims are barred pursuant to Colo. Rev. Stat. § 13-21-402.5 because she misused her tractor by carrying a hay bale weighing more than double the tractor's maximum weight for hay bales, and that Ms. White did not use the proper hay bale spear attachment; (2) Ms. White's claims are barred by the consumer choice doctrine because she used the wrong attachment and wrong-sized tractor for her work; (3) Ms. White's testimony about the circumstances of the accident preclude the alleged defect causation findings necessary to establish her claims; and (4) plaintiff's breach of warranty claims are also barred by lack of notice and the statute of limitations. Docket No. 108 at 1-2. Plaintiff filed a response to the motion on July 22, 2015. Docket No. 123. Defendants filed a reply on August 10, 2015. Docket No. 133.

## II. STANDARD OF REVIEW

---

Brimmer, § III.F.3.b.iv ("Any denial shall be accompanied by a brief factual explanation of the reason(s) for the denial. . . ."). Moreover, the materials cited do not in any way dispute the absence of witnesses, other than plaintiff, to the accident or the non-existence of photographs or other physical evidence from the accident. *Cf*. Docket No. 123-9 at 10-11.

[13] Plaintiff denies this statement as irrelevant. Docket No. 123 at 12, ¶ 23. This constitutes an impermissible legal argument. *See* Practice Standards (Civil cases), Judge Philip A. Brimmer, § III.F.3.b.vii. None of plaintiff's factual argument to this statement disputes Mr. Dinkel's testimony about his observations. *See* Docket No. 123 at 12, ¶ 23.

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-50 (1986).  A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc*., 259 F.3d 1226, 1231-32 (10th Cir. 2001).  Only disputes over material facts can create a genuine issue for trial and preclude summary judgment.  *Faustin v. City & Cty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005).  An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (internal quotation marks omitted)).  "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial."  *Celotex*, 477 U.S. at 324;

*see* Fed. R. Civ. P. 56(e).  "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case."  *Bausman*, 252 F.3d at 1115 (citation omitted).  When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.  *Id.*; *see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).

## III.  ANALYSIS

### A.  Misuse

Defendants argue that Ms. White's misuse of the pallet fork attachment and the tractor bars all her claims pursuant to Colo. Rev. Stat. § 13-21-402.5.  Docket No. 108 at 8.  The statute states:

> A product liability action may not be commenced or maintained against a manufacturer or seller of a product that caused injury, death, or property damage if, at the time the injury, death, or property damage occurred [1], the product was used in a manner or for a purpose other than that which was intended and [2] which could not reasonably have been expected, and [3] such misuse of the product was a cause of the injury, death, or property damage.

Colo. Rev. Stat. § 13-21-402.5.  A "product liability action" is defined as "any action brought against a manufacturer or seller of a product, regardless of the substantive legal theory or theories upon which the action is brought."  Colo. Rev. Stat. § 13-21-401(2).  Defendants assert, and plaintiff agrees, that all of plaintiff's claims are product liability claims within the meaning of the misuse statute.  Docket No. 108 at 9; Docket No. 123 at 14; *see also Persichini v. Brad Ragan, Inc.*, 735 P.2d 168, 172 (Colo. 1987).

"Misuse is a causation concept which excuses the seller of an admittedly defective product from liability when the misuse and not the defect caused the injury."

8

*White v. Caterpillar, Inc.*, 867 P.2d 100, 107 (Colo. App. 1993); *see Heinrich v. Master Craft Engineering, Inc.*, No. 13-cv-01899-PAB-GPG, --- F. Supp. 3d ----, 2015 WL 5474480 at *9 (D. Colo. Sept. 18, 2015). If the misuse of the product "is the *sole* cause of damages, and thus, the alleged defect was not a cause thereof, then the plaintiff cannot recover under strict liability theory." *States v. R.D. Werner Co., Inc.*, 799 P.2d 427, 430 (Colo. App. 1990). If, however, misuse of the product is not the sole cause, it may "constitute comparative fault which would reduce the plaintiff's recovery." *Id.*; *see also* Colo. Rev. Stat. § 13-21-406 ("In any product liability action, the fault of the person suffering the harm, as well as the fault of all others who are parties to the action for causing the harm, shall be compared by the trier of fact."). Misuse is not a defense "if the consumer's misuse can be reasonably anticipated by the manufacturer." *White*, 867 P.2d at 107; *see also Walcott*, 964 P.2d at 613-14 ("because the assailant's use of gasoline was not reasonably foreseeable, it constituted misuse of the product.").

Defendants assert that, because "the misuse statutory provision provides that an action cannot be 'commenced or maintained,' the burden rests on the [p]laintiff to show a lack of misuse." Docket No.108 at 9; Docket No. 123 at 14. Defendants' position is that the 2003 enactment of the statutory misuse provision altered the common law doctrine of misuse, which placed the burden on defendants to establish the affirmative defense. Docket No. 108 at 9, n.2;[14] *see Jackson v. Harsco Corp.*, 673 P.2d 363, 367 (Colo. 1983); Colo. Jury Instr., Civil 14:27, n. 2. The Court is not aware of any case

---

[14] Defendants argue in the alternative that, "[e]ven if this case arose before the 2003 enactment of [the statutory misuse provision], such that the burden would have rested on [d]efendants under the prior common law doctrine of misuse, which it does not, [d]efendants would still more than meet the burden on misuse." No.108 at 9, n. 2.

addressing which party bears the burden under Colo. Rev. Stat. § 13-21-402.5 to establish misuse.  Moreover, even though the phrase "commenced or maintained" is fairly common statutory language, defendants do not cite and the Court has not found any case using that phrase to assign a burden of proof.

"A statute is not presumed to alter the common law except to the extent that such statute expressly provides."  *Preston v. DuPont*, 35 P.3d 433, 440 (Colo. 2001). Section 13-21-402.5 does not expressly abrogate the common law burden of proof regarding misuse.  Moreover, the words "commenced or maintained" cannot properly be read as an indication that the General Assembly intended to abrogate the common law status of misuse as an affirmative defense.  Thus, the Court does not find that Colo. Rev. Stat. § 13-21-402.5 alters the common law regarding which party has the burden to show misuse or a lack thereof.  Accordingly, to succeed on its misuse defense, defendants must show that (1) Ms. White used the tractor and the pallet fork attachment in a manner or for a purpose other than that which was intended, (2) the unintended use could not reasonably have been expected by defendants, and (3) the unintended use, rather than any defect, caused her injuries.

It is not necessary for the Court to consider the first two elements of the misuse defense because the Court finds that genuine issues of material fact regarding the third preclude summary judgment.

On the record before the Court, the issue of causation is, in short, confounding. Both sides struggle to explain how the hay bale ended up injuring Ms. White.[15]  Based

---

[15] Plaintiff's expert Thomas A. Berry has a theory about causation that involves the hay bale catching on another bale and, as a result, rotating over the top of the pallet

on Ms. White's testimony that, as she lifted the bale to stack it, she repeatedly leveled

the pallet fork attachment to keep the forks horizontal, Docket No. 108-1 at 17-18,

(White Depo., 225:15-227:3), and based on Ms. White's testimony that she had lifted

the bale eight feet off the ground at the time of the accident, Docket No. 108-1 at 17

(White Depo., 223:9-224:4), the defendants' expert Robert S. Cargill III states in his

declaration that "[i]t was not possible for the hay bale to have slid down or rolled over

the backstop." Docket No. 108-9 at 5, ¶ 11.  Dr. Cargill draws the same conclusion

even if, as Mr. Dinkel testified, the tines of the pallet fork were at a 45 degree angle

immediately after the accident.  *Id*. at 4.  However, in crediting Ms. White's testimony

about leveling the pallet forks and raising the bale to a height of eight feet, Dr. Cargill

fails to address plaintiff's testimony that she saw the bale rotate over the backstop of

the pallet fork attachment immediately before the bale fell on her.  *See* Docket No. 123-

4 at 58 (White Depo., 227:3-5).  Moreover, Ms. White, in a declaration attached to

plaintiff's opposition brief, states that "I saw the top bale that I was then stacking rotate

backwards, and I knew that it was coming over the backstop of the loader and down on

top of me.  I saw it coming over the backstop, down the loader arms. . . ."  Docket No.

123-10 at 1.  Ms. White's testimony and declaration contradict Dr. Cargill's theory that it

---

fork backstop, *see* Docket No. 123-9 at 11, but his theory is contained in his
inadmissible, unsigned declaration, which the Court does not consider for purposes of
resolving this motion.  *See* Fed. R. Civ P. 56(c)(4); 28 U.S.C. § 1746 (providing the
requirements for unsworn declarations).  *See also* Fed. R. Civ. P. 56, Adv. Comm.
Notes, 2010 Amendments ("A formal affidavit is no longer required.  28 U.S.C. § 1746
allows a written unsworn declaration. . . subscribed in proper form as true under penalty
of perjury to substitute for an affidavit."); *Leathers v. Leathers*, 2013 WL 1873275, at *3
(D. Kan. May 3, 2013) ("unsigned, unsworn declaration. . . is not properly considered on
summary judgment.")

was impossible for the hay bale to come over the backstop.  It also contradicts Dr.

Cargill's theory, assuming the accuracy of Ms. White's testimony about the leveling and

the height of the bale, that the bale must have fallen off of the side of the pallet fork

attachment.  Docket No. 108-9 at 5, ¶ 11.  The import of Dr. Cargill's declaration may

be that Ms. White's description of the accident cannot be correct, but that is a

determination that must be made by the fact-finder, not by the Court on summary

judgment.

Defendants claim that "it is indisputable that if Plaintiff used the bale spear and

carried a load within the compact utility tractor's weight lifting limits, this accident would

not have happened."  Docket No. 108 at 12.  First, defendants provide no evidence that

the weight of the bale contributed to the accident.  Second, to support their causation

argument, defendants cite to the following statement in Dr. Cargill's declaration: "[T]he

cause of Ms. White's accident was the actions of Ms. White herself; she was in a

position to have prevented the accident.  If Plaintiff had heeded warnings and used the

right sized tractor and a bale spear, it would not have happened."  Docket No. 108-9 at

7, ¶ 14.  This statement is conclusory.  Defendants do not cite any analysis of what

would have happened if (a) plaintiff had used the bale spear she owned, or the Deere

bale spear depicted in the manual, to try to stack the 1500 pound hay bale; (b) plaintiff

had used the bale spear she owned, or the Deere bale spear depicted in the manual, to

try to stack a 700 pound bale; or (c) plaintiff had used her pallet fork attachment to try to

stack a 700 pound bale.[16]  Because the assertion that the accident would not have

_____

[16] Defendants also claim that "[a]ll John Deere Model 4600 compact utility
tractors, like the one used by [p]laintiff, and similar John Deere Models 4500 and 4700

happened if the plaintiff had heeded the warnings provided in the manual is not properly supported, the Court finds that defendant has not established the third element of its affirmative defense.  As a result, summary judgment on the issue of misuse is denied.

## B.  Choice of Product

Defendants argue that plaintiff's claims are barred under Colorado law because she failed to purchase a tractor that had the capabilities and design features she now alleges her tractor should have had.  Docket No. 108 at 13.  Defendants further argue that plaintiff had a bale spear on the day of the accident that she declined to use and that she could have used her boyfriend's Bobcat to stack large bales of hay.[17]  Docket No. 108 at 14.  As authority for this argument, defendants rely solely on *Davis v. Caterpillar Tractor Co.*, 719 P.2d 324 (Colo. App. 1985).  Docket No. 108 at 13.  In *Davis*, the plaintiff purchased a used tractor for use on undeveloped mountain land. 719 P.2d at 325.  Shortly after purchasing the used tractor, plaintiff was almost injured when his tractor slid down an embankment and landed on its side.  *Id*. at 325-26.  An experienced heavy equipment operator warned plaintiff at the time of this accident that he should purchase an overhead protective structure.  *Id*.  However, plaintiff continued to operate his tractor without an overhead protective structure until he was seriously

---

compact utility tractors have been used for over 120 million customer hours without any similar accidents reported," citing as support the declaration of Kirk Ney.  Docket No. 108 at 7, SUMF 29.  However, Mr. Ney's failure to define "similar incident" renders this statement meaningless.

[17]Ms. White testified that she did not have access to the Bobcat on the day of the accident and had never learned how to operate it.  Docket No. 123-4 at 55 (White Depo., 215:15-216:1).  Thus, the Court rejects the argument that she could have used the Bobcat.

injured when a dead tree fell on his tractor.  *Id*. at 326.  The *Davis* court held that "a product is not 'unreasonably dangerous' and, thus, defectively designed if the consumer deliberately chooses to purchase that which he, as a reasonable consumer, should have expected was not as safe as other products on the market."  *Id*. at 326-27.  In so holding, the *Davis* court noted that the plaintiff knew best the environment in which he intended to use his tractor and that the plaintiff, having been informed by the tractor dealer of all the various options, declined to purchase an overhead protective structure for his tractor.  *Id*.

This case is distinguishable from *Davis*.  Here, Ms. White testified that she specifically inquired of the Elwood Power sales representative whether her tractor could lift the "big bales," to which the sales representative responded that her tractor could lift the "four-by-fours."  Docket No. 123-4 at 45 (White Depo., 177:8-23).  Ms. White also asked whether the pallet fork was suited for the task of lifting large bales, and the sales representative told her that it was.  *Id*. (White Depo., 178:13-24).  Unlike *Davis*, Ms. White specifically informed the sales representative of her intended use for the tractor and asked questions about whether, based on her specific needs, the tractor was suitable for lifting hay bales of the same size as the one that fell on her.

Defendants assert that the statements of the Elwood Power sales representative have no bearing on their choice of product defense because Elwood Power is not a defendant and the defendants had no control over Elwood Power or its representatives.  Docket No. 133 at 8.  In *Davis*, the court noted that the tractor dealer–which was not a defendant–informed the plaintiff of all his options and that, based on those options,

14

plaintiff chose a less safe tractor.  719 P.2d at 327.  Whether or not Elwood Power is a

defendant or an agent of defendants is irrelevant to the issue of whether a reasonable

consumer, having been presented with the same information as Ms. White, should have

known that there were safer options on the market for lifting the larger-sized hay bales.

Here, Ms. White testified that Elwood Power assured her that the tractor and

attachments she was purchasing were appropriate for moving large hay bales.  Docket

No. 123-4 at 45 (White Depo., 177:8-23).

Viewing the facts in a light most favorable to the non-moving party, and

comparing this case to *Davis*, the Court finds that it was reasonable for Ms. White to

rely on the statements of the sales representative at Elwood Power regarding the

capabilities of the 4600 tractor and attachments.  Accordingly, the Court cannot find that

a reasonable consumer in Ms. White's position would have expected that the 4600

tractor was less safe than other products on the market for purposes of transporting

"four-by-fours" with pallet forks.  Further, because it was reasonable for her to believe,

based on the representations of Elwood Power's salesman, that her tractor was suitable

for lifting large bales of hay using pallet forks, the availability of a bale spear does not

preclude her ability to claim that the products she purchased were unreasonably

dangerous under *Davis*.  Thus, summary judgment on the issue of product choice will

be denied.

### C.  Causation

Independent of the affirmative defense of misuse, defendants claim that

summary judgment is appropriate because "Plaintiff cannot establish that any alleged

failure to warn caused the accident."  Docket No. 108 at 15.  Defendants rely on

15

plaintiff's testimony that she read the manual in its entirety (and therefore its warnings regarding lifting and moving hay bales) and read the warning labels on the tractor as well.  *Id*.  In regard to the depiction of the pallet fork attachment with the slash across it in the owner's manual, Docket No. 108-7 at 4, Ms. White testified that the depiction did not illustrate the pallet fork attachment that she purchased because the attachment that she purchased had a higher backstop.  *See* Docket No. 123-4 at 67 (White Depo., 264:2-7; 263:2-8).  In fact, Ms. White testified that she purchased the pallet fork attachment for the reason that it was different from the manual illustration in that it had a higher backstop, which the dealership told her made it appropriate for handling large hay bales.  *See id*. (White Depo., 263:2-8) ("Q:  He showed you this?  A. Yes.  And he said that that back plate is not the one I needed. He showed me the other back plate that had the big bars coming up on it and said, 'This is the one you need.  This is the approved bale handling equipment.'  That is the one I bought, not this one.").  Plaintiff's argument is that the manual did not define "approved bale handling equipment" and the illustration of the pallet fork attachment with the slash through it did not depict the Deere pallet fork attachment that the dealer told her was approved to handle large hay bales and which had a higher backstop than shown in the illustration.

Although plaintiff claims that the dealership at which she purchased the tractor, the loader, and the pallet fork attachment was an agent of defendants, plaintiff fails to cite any evidence that establishes agency.  *See City and Cty. of Denver v. Fey Concert Co.*, 960 P.2d 657, 670 (Colo. 1998) (listing "essential factors giving rise to agency: a fiduciary relation; the manifestation of consent by both parties; the agent's authority to act on the principal's behalf; and the principal's right to control.").  Nevertheless,

16

plaintiff's testimony is sufficient to raise a genuine issue of material fact precluding summary judgment on whether defendants, as opposed to the dealership, failed to warn her of the dangers of handling hay bales. The issue is whether the fact that defendants sold pallet fork attachments with higher backstops, that differed plainly from the low backstop pallet fork attachment shown in the 1998 manual, made it reasonably foreseeable that a consumer would use the higher backstop pallet fork attachment to handle large hay bales because the consumer would believe that the illustration did not apply to that attachment. This is an issue that is properly decided by the jury. *See Shaw v. Play Dirty Colo. ATV Tours, L.L.C.*, No. 07-cv-01513-WYD-KMT, 2009 WL 321698 at *4 (D. Colo. Feb. 10, 2009) ("the issue of whether a product is in a defective condition [or] unreasonably dangerous because of a manufacturer's failure to warn is normally an issue for the jury").

Defendants also claim that plaintiff has failed to demonstrate that design defects caused her injuries. Docket No. 108 at 15-18. Defendants' arguments each depend upon plaintiff's testimony about leveling and height, which, as discussed above, raise genuine issues of material fact regarding causation. Thus, defendants are not entitled to summary judgment on this argument.

### D. Misrepresentation

Defendants argue that they are entitled to summary judgment on plaintiff's sixth claim for misrepresentation because their warnings were adequate, the defenses of misuse and consumer choice bar her claims, and she fails to establish causation. For the reasons stated above, none of defendants' arguments entitle them to summary judgment.

### E.  Breach of Warranty Claims

Defendant argues that plaintiff's breach of warranty claims (the second, fourth, and fifth claims) must be dismissed because they are time barred by Colo. Rev. Stat. §§ 4-2-725 and 13-80-101(1)(a).  Docket No. 108 at 19.  Plaintiff does not address this argument in her response.

Colo. Rev. Stat. § 4-2-725, "Statute of limitations in contracts for sale," provides that "[a] cause of action occurs when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.  A breach of warranty occurs when tender of delivery is made."  Colo. Rev. Stat. § 4-2-725(2).  Colo. Rev. Stat. § 13-80-101 establishes a three-year statute of limitations for plaintiff's warranty claims.  *See Loughridge v. Goodyear Tire and Rubber Co.*, 192 F. Supp. 2d 1175, 1181 (D. Colo. 2002).  It is undisputed that plaintiff purchased her tractor in July 2002.  *See* Docket No. 108-2 at 2-3; Docket No. 108 at 2, SUMF 1; Docket No. 123 at 3, ¶ 1.  Although the parties cite no evidence as to when the tractor was delivered, plaintiff testified that, after its delivery, she tried to go back to the dealership in 2004.  Docket No. 123-4 at 47 (White Depo., 183:1-6).  Viewing the facts in a light most favorable to the non-movant, the statute of limitations accrued no later than January 1, 2008.  Accordingly, the August 14, 2013 filing of plaintiff's warranty claims falls outside the three-year statute of limitations.  Therefore, plaintiff's breach of warranty claims must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendants' motion for summary judgment [Docket No. 108] is

**GRANTED** in part and **DENIED** in part.  It is further

**ORDERED** that plaintiff's second, fourth, and fifth claims for relief are

**DISMISSED**.


DATED January 28, 2016.


BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge