IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02173-PAB-NYW

MIRIAM WHITE,

    Plaintiff,

v.

DEERE & COMPANY,
JOHN DEERE LIMITED,
And JOHN DOES 1-5,

    Defendants.

---

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM RELYING ON DEPOSITION TESTIMONY FOR WITNESSES WITHIN SUBPOENA POWER OR PRESENT AT TRIAL**

---

Defendants Deere & Company and John Deere Limited ("Deere" or "Defendants") hereby submit this Motion in Limine to preclude Plaintiff from using designated deposition testimony for witnesses who are available to be called live, per Federal Rule of Civil Procedure 32(a)(4), or will be in Court for the duration of the trial.

## BACKGROUND

The parties filed their proposed Final Pretrial Order on August 27, 2015. Despite instructions to do so, Plaintiff did not designate in the pretrial order any witnesses they expected to present by deposition. The Final Pretrial Order was entered on September 3, 2015. Per this Court's Practice Standard II(E)(3), initial designations of deposition testimony are to be made 45 days before trial—January 4, 2016 in this case. Plaintiff did not serve any deposition designations at that time. At approximately 4 p.m. on January 5, 2016 (one day past the deadline

for designations), Plaintiff's counsel contacted Defendants' counsel to request an extension until January 7, 2016 to designate deposition testimony. Defendants inquired as to whose testimony Plaintiff intended to designate. Plaintiff's counsel responded on the morning of January 6, 2016 that Plaintiff intended to designate the deposition testimony of fact witnesses Mr. Jason Elwood, Ms. Kim Powers, and Mr. Earl Bernard and Rule 30(b)(6) and fact witness Mr. Kirk Ney. Defendants then objected to the requested extension on the grounds that the three of the four witnesses (Mr. Elwood, Ms. Powers and Mr. Bernard) are within 100 miles of the Court and the fourth (Mr. Ney) is on Defendants' "will call" list and will be present throughout the trial as Defendants' representative.[1] On the evening of January 6, 2016, Plaintiff served deposition designations for Mr. Elwood, Ms. Powers, Mr. Bernard and Mr. Ney. To preserve their rights, Defendants served counter-designations 14 days later, on January 19, 2016, noting that Defendants objected to any of the witnesses being called by deposition rather than live.

## ARGUMENT

Plaintiff should be precluded from using deposition testimony from Mr. Elwood, Ms. Powers, or Mr. Bernard in lieu of live testimony, because Plaintiff has failed to demonstrate that they are unavailable to appear in Court. Plaintiff also should be precluded from using deposition testimony from Mr. Ney, because much of the designated testimony of him was taken as a fact witness and he will be present in Court throughout the trial and thus available to be called live for testimony.

---

[1] Defendants reassert these objections here and object to Plaintiff's designations as untimely.

**I.    MR. ELWOOD, MS. POWERS AND MR. BERNARD'S DEPOSITION TESTIMONY SHOULD NOT BE USED AT TRIAL, BECAUSE THEY ARE AVAILABLE TO TESTIFY LIVE.**

Federal Rule of Civil Procedure 32(a)(4) specifies that "a party may use for any purpose the deposition of a witness, whether or not a party, if the court finds (A) that the witness is dead; (B) that the witness is more than 100 miles from the place of hearing or trial . . .; (C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment; (D) that the party offering the deposition could not procure the witness's attendance by subpoena; or (E) on motion and notice, that exceptional circumstances make it desirable . . . ." Plaintiff has made no showing that any of these exceptions apply to Mr. Elwood, Ms. Powers or Mr. Bernard. Each of these witnesses therefore should be called to testify live and Plaintiff should not be permitted to introduce their deposition testimony.

In each of the pleadings Plaintiff served containing deposition designations, Plaintiff stated that she "has made and will continue to make, in good faith, efforts to contact and secure [the witness's] attendance at trial, but recent efforts to locate [the witness] have been unsuccessful." Plaintiff does not say—and to Defendants' knowledge it is not the case—that Mr. Elwood, Ms. Powers or Mr. Bernard are dead or unable to testify because of age, infirmity or imprisonment. Nor does Plaintiff state that any of these witnesses lives more than 100 miles from the place of hearing or trial. In fact, according to their deposition testimony, Mr. Bernard lives the furthest, at 1796 North Overland Trail, Fort Collins, Colorado, which is approximately 70 miles from the Court. Notably, Plaintiff does not state that these witnesses's attendance could not be procured by subpoena. And in fact, Defendants successfully subpoenaed Mr. Bernard and Ms. Powers for deposition. (Mr. Elwood appeared voluntarily.) Last, Plaintiff has made no

motion for a Court order that exceptional circumstances necessitate testimony by deposition rather than in-person.  Absent a showing that one of these exceptions applies, including proof that Plaintiff subpoenaed these witnesses and they did not appear, Plaintiff may not use deposition testimony in lieu of live testimony.

## II. PLAINTIFF SHOULD BE PRECLUDED FROM USING MR. NEY'S DEPOSITION TESTIMONY AT TRIAL, BECAUSE MUCH OF HIS DESIGNATED TESTIMONY WAS TAKEN OF HIM AS A FACT WITNESS AND HE WILL BE PRESENT AT TRIAL.

Plaintiff also should be precluded from using Mr. Ney's deposition transcript in lieu of live testimony.  While Defendants acknowledge that Rule 32(a)(3) permits an adverse party to use Rule 30(b)(6) deposition testimony at trial, the circumstances of Mr. Ney's deposition make Rule 32(a)(3) inapplicable in this case.  Moreover, as Defendants' representative, Mr. Ney will be sitting in the courtroom available to testify throughout the trial.

Plaintiff chose to depose Mr. Ney as both a Rule 30(b)(6) and fact witness during his April 29, 2015 deposition.  Per Magistrate Judge Wang's March 23, 2015 Order, the scope of the Rule 30(b)(6) deposition was limited to the subject model 4600 compact utility tractor and 460 loader and a defined scope of substantially similar compact utility tractors (models 4500 and 4700).  (*See* March 23, 2015 Order [Dkt. No. 77].)  Thus, testimony given by Mr. Ney outside that scope was based only on his personal knowledge.  Plaintiff's counsel also explicitly acknowledged during the deposition that he was asking certain questions of Mr. Ney in his personal capacity.  Plaintiff's counsel, however, chose not to clearly delineate which portions of the deposition were of Mr. Ney in his representative capacity versus his personal capacity.  For example:

- At the beginning of the deposition, Plaintiff's counsel asked Mr. Ney whether he understood that "when we ask questions, that the questions are being answered by yourself on behalf of the company." (Ney Dep. Tr. [Dkt. No. 123-2] at 6:17-20.)

- Shortly thereafter, however, Plaintiff's counsel asked Mr. Ney about his personal responsibility for safety in the line of tractors. Defendants' counsel clarified, "You're speaking of him personally?"; Plaintiff's counsel responded "Personally." (*Id.* at 32:20-33:2.)

- Later in the deposition, when Defendants' counsel asked to clarify in what capacity Mr. Ney was testifying, Plaintiff's counsel stated, "I'm just going off the 30(b)(6) for a moment, because I didn't want to – I didn't see any reason to bifurcate it . . . ." (*Id.* at 170:8-11.)

- And later, after Defendants' counsel objected to a question as outside the scope of the Rule 30(b)(6) topics as defined by the Court, Plaintiff's counsel stated "I asked this as a personal question." (*Id.* at 271:1-2.) Defendants' counsel then objected that "we are not going to go back and forth between 30(b)(6) and personal questions." (*Id.* at 271:3-5.) Plaintiff's counsel responded, "Okay, so I want to ask it as a personal, and I would ask it under your objection." (*Id.* at 271:6-8.) Plaintiff's counsel then proceeded to ask additional questions.

- Further, when Plaintiff's counsel began asking questions about machines capable of handling large round bales (clearly outside the scope of the compact utility tractors) Defendants objected and Plaintiff's counsel agreed to a standing objection to all questions on that topic. (*Id.* at 122:14-17; 124:20-24; 130:14-20.)

Given the lack of clarity in the transcript, it is impossible to determine whether Mr. Ney was testifying in a representative or personal capacity. To avoid confusing the jury and prejudicing Defendants by incorrectly attributing certain testimony to Defendants rather than Mr. Ney personally, Plaintiff should not be permitted to use the transcript as a Rule 30(b)(6) transcript under Rule 32(a)(3). This is especially true since Mr. Ney will be present in the courtroom for the duration of the trial and available to be called as a witness. If, however, the Court is inclined to permit Plaintiff to introduce Mr. Ney's 30(b)(6) deposition testimony, Defendants respectfully request that the Court order Plaintiff to revise her designations to cull all personal testimony outside the scope of the Rule 30(b)(6) subjects.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order precluding Plaintiff from using the deposition testimony of Mr. Elwood, Ms. Powers, Mr. Bernard or Mr. Ney in lieu of live testimony.

Dated:  February 3, 2016         *s/ Charles L. Casteel*
                                 Charles L. Casteel
                                 Jordan Lipp
                                 Jacqueline V. Roeder
                                 Davis Graham & Stubbs LLP
                                 1550 Seventeenth St., Suite 500
                                 Denver, CO 80202
                                 Telephone:  (303) 892-9400
                                 Facsimile:  (303) 893-1379

                                 *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2016, I electronically filed the foregoing **DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM RELYING ON DEPOSITION TESTIMONY FOR WITNESSES WITHIN SUBPOENA POWER OR PRESENT AT TRIAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

S. Reed Morgan
Law Office of S. Reed Morgan, P.C.
413 Eighth Street
P.O. Box 38
Comfort, TX  78013
rmtrialfirm@gmail.com

Richard Poormon
Riggs Abney
50 South Steele Street
Suite 600
Denver, CO  80209
rpoormon@riggsabney.com

Alejandro D. Blanco
The Blanco Law Firm PC
535 N. Brand Boulevard, Suite 700
Glendale, CA  91203
ablanco@theblancolawfirm.com

*s/ Linda Ridding*