IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02173-PAB-NYW

MIRIAM WHITE,

    Plaintiff,

v.

DEERE & COMPANY and
JOHN DEERE LIMITED,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on defendants' Motion in Limine to Exclude Undisclosed Witnesses [Docket No. 194], Motion in Limine to Preclude Testimony by W. Glenn Soileau, Documents from the *Soileau* Case and Evidence of Discovery Disputes [Docket No. 195], Motion in Limine to Exclude Newly Disclosed Exhibits [Docket No. 197], and Motion in Limine to Preclude Plaintiff from Relying on Deposition Testimony for Witnesses Within Subpoena Power or Present at Trial [Docket No. 199].

**I. BACKGROUND**

This is a products liability action that arises out of an accident that occurred on August 17, 2011 while plaintiff Miriam White was operating her Deere Model 4600 compact utility tractor and Model 460 loader.  Ms. White claims that she suffered facial injuries and traumatic brain injury as a result of a hay bale falling onto her while operating the tractor.  Docket No. 150 at 2.  Ms. White alleges that her tractor had design defects that created an unreasonable risk of injury from falling hay bales and

that her injuries resulted from these defects. Docket No. 150 at 2-3.

## II. ANALYSIS

### A. Defendants' Motion in Limine to Exclude Undisclosed Witnesses

In defendants' Motion in Limine to Exclude Undisclosed Witnesses [Docket No. 194], defendants seek to exclude five witnesses that defendants claim were never disclosed until the Final Pretrial Order submitted on August 27, 2015. In response, plaintiff correctly points out that one of them, Lisa Hebinck, is not named on plaintiff's trial witness list. See Docket No. 172-2. Plaintiff also states that she listed Matthew White in her initial Rule 26 Disclosure on January 15, 2014. Assuming that is true, Matthew White may testify.

As to the other three witnesses, Ryan White, Ursula Hotz, and Dr. Susan Simon, plaintiff's only response is to say that they were listed in the parties' proposed Final Pretrial Order [Docket No. 143] and defendants have not complained about the inclusion of those witnesses until now. Docket No. 211 at 1. Plaintiff cites no authority for the proposition that listing witnesses for the first time in a draft final pretrial order satisfies Fed. R. Civ. P. 26 or 37(c)(1) or for the proposition that a party's failure to object to an opponent doing so until shortly before trial somehow waives that party's right to object. The Court finds that defendants have not waived their ability to object to plaintiff's late disclosure of these witnesses under the discovery rules.

A party violates Rule 26 by failing to disclose witnesses prior to the close of discovery, which effectively forecloses the opposing party from conducting discovery on the supplemental disclosures. *See Four Corners Nephrology Assocs., P.C. v. Mercy*

*Medical Ctr. of Durango*, No. 05-cv-02084-PSF-CBS, 2007 WL 1613352, at *1 (D. Colo. June 1, 2007). Discovery in this case closed on May 29, 2015. Docket No. 145 at 5. A party who fails to properly make a disclosure in violation of Rule 26 may not use at trial any witnesses or information that was not disclosed, unless the court determines that the failure to disclose was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The non-moving party has the burden of showing that it was substantially justified in failing to comply with Rule 26(a) or that such failure was harmless. *See Sender v. Mann*, 225 F.R.D. 645, 655 (D. Colo. 2004). The Tenth Circuit has identified four factors the Court should consider to guide its discretion in determining whether a Rule 26(a) violation is substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citations omitted); *see also Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002).

In analyzing the four factors, the Court finds that none of them weigh in favor of plaintiff. Plaintiff offers no reason for not disclosing the three witnesses earlier or any reason why defendants would not be surprised or prejudiced by the fact that they were disclosed after the opportunity to depose them had passed. Moreover, plaintiff has not suggested ways that prejudice to the defendants could be mitigated. The Court therefore finds that plaintiff's Rule 26(a) violation was not substantially justified or harmless.

### B. Defendants' Motion in Limine to Preclude Testimony by W. Glenn Soileau, Documents from the *Soileau* Case and Evidence of Discovery Disputes

In Docket No. 195, defendants seek to preclude plaintiff from "(i) calling W. Glenn Soileau as a witness, (ii) submitting newly disclosed documents concerning discovery in a Louisiana case titled *Soileau v. Smith True Value and Rental, et al.*, and (iii) referring at trial to previously resolved discovery disputes in this case." Docket No. 195 at 1.

In Plaintiff Miriam White's Rule 26 Supplemental Disclosure of Witness [Docket No. 166], plaintiff states that Glenn Soileau is the attorney of record for Mary Phyllis Soileau, the plaintiff in *Soileau v. Smith True Value and Rental and Deere and Company*, a case from Evangeline Parish, Louisiana. Docket No. 166 at 1. This supplemental disclosure, wherein plaintiff identified Mr. Soileau as a witness for the first time, was filed on January 15, 2016. The supplemental disclosure indicates that Mr. Soileau

> has direct knowledge and can testify as to documents regarding design and testing of Deere's Model 460 Loader, which Deere did not furnish to Plaintiff Miriam White but which in fact did exist and were also not furnished to Plaintiff Mary Soileau in Mr. Soileau's case until such time as ordered by the court after exhaustive research on the part of Mr. Soileau. Mr. Soileau will testify to court findings of discovery obfuscation, failure to produce documents and dishonest conduct by Deere and Company with their refusal to reveal existing documents.

*Id*. The *Soileau* case apparently involved a model 460 Loader, which is the same loader model at issue in this case. However, the issue in the *Soileau* case was the loader allegedly detaching from the tractor, which is not an issue in this case.

According to defendants, plaintiff's counsel first mentioned the *Soileau* case,

although perhaps not by name, to defense counsel in September 2014. Docket No. 195 at 5. Plaintiff does not deny having knowledge in September 2014 about the *Soileau* case.[1] Defendants claim that on May 29, 2015, on the last day of discovery, plaintiff sent a letter to the assigned magistrate judge concerning discovery issues, which included documents and disclosures about the *Soileau* case. However, the magistrate judge rejected plaintiff's various motions claiming that defendants violated the Court's discovery orders. Docket No. 155 at 12.

Plaintiff argues that she needs to use the *Soileau* documents to impeach defendants' witness Kirk Ney's anticipated testimony that the safety testing records for the 460 Loader do not exist. Docket No. 210 at 2. Plaintiff claims that, because Mr. Ney testified as a Rule 30(b)(6) witness about documents pertaining to such testing, whether he personally knew about the existence of such documents is "not material" to plaintiff's ability to impeach him about this "corporate falsity." *Id*. Plaintiff, however, never explains why the *Soileau* documents are relevant to the alleged product defects in her case. At most, she states "[t]hat the *Soileau* case related to a different defect in the 460 Loader does not change the calculus for impeaching corporate liars." *Id*. at 3. What plaintiff wants to do is to impeach Mr. Ney about his Rule 30(b)(6) deposition answer denying knowledge of testing records despite the fact that there is no apparent relevance to such testing in this case. In other words, plaintiff seeks to impeach Mr. Ney on a collateral matter. "A matter is considered collateral if the matter itself is not

---

[1] A declaration from one of Ms. White's attorneys states that he obtained copies of the *Soileau* documents on or about January 13, 2016. The declaration does not claim that plaintiff did not know about or could not have obtained such documents earlier.

5

relevant in the litigation to establish a fact of consequence, i.e., not relevant for a purpose other than mere contradiction of the in-court testimony of the witness." *Fryar v. Curtis*, 485 F.3d 179, 184 (1st Cir. 2007). "The danger of allowing impeachment via a collateral matter is that when the fact to be impeached is not material, 'the trier of fact may become confused by the attention directed at an unimportant fact. As a result, the trier of fact may attach undue importance to extraneous matters.'" *United States v. Woody*, 250 F. App'x 867, 883 (10th Cir. 2007) (unpublished) (quoting 27 Charles Alan Wright & Victor James Gold, *Federal Practice and Procedure* § 6096 (2d ed.)). Given these concerns, "it is well settled that it is not improper for the trial judge to limit impeachment evidence on matters that are deemed collateral or irrelevant." *United States v. Walker*, 930 F.2d 789, 791 (10th Cir. 1991) (superseded in part by statute on other grounds) (citing *United States v. Warledo*, 557 F.2d 721, 726 (10th Cir. 1977)).

The Court finds that plaintiff has failed to demonstrate that the *Soileau* documents have any relevance to the substantive issues in this case. The Court also finds that, even if it was proper to impeach Mr. Ney as to his deposition answer, such impeachment would be on a collateral matter that has a likelihood of confusing the jury as to an irrelevant discovery dispute. Thus, the Court will exclude the *Soileau* documents.

Plaintiff offers no explanation for why she disclosed Mr. Soileau so long after the close of discovery. Moreover, Mr. Soileau is an attorney who has no direct knowledge of the substance of such documents, but rather knows only the circumstances of Deere and Company's production of them in the *Soileau* case. The Court finds that, because

the *Soileau* documents are irrelevant, Mr. Soileau's testimony about such documents' production is irrelevant as well. Thus, the Court will exclude Mr. Soileau's testimony.

Finally, defendants seek to preclude plaintiff from "discussing or introducing any evidence of prior discovery disputes in this case." Docket No. 195 at 7. As the Court noted at the January 29, 2016 trial preparation conference, the attorneys should not attempt to relitigate in front of the jury any discovery issue resolved by the magistrate judge.

### C. Defendants' Motion in Limine to Exclude Newly Disclosed Exhibits

In Docket No. 197, defendants seek to preclude plaintiff from using certain exhibits that she first disclosed on January 27, 2016. Defendants claim that, because plaintiff failed to produce them as required by Rule 26(a), she is not allowed to use them at trial pursuant to Rule 37(c)(1). Docket No. 197 at 2.

In response, plaintiff claims two things. First, as to Exhibit 376, pages 1633 to 1636 and pages 3451 to 3454, which are apparently the same document, plaintiff states that they are "backup billing documents" included in the summary of the billing records pursuant to Fed. R. Evid. 1006. Docket No. 209 at 1. Defendants claim that the summary of the billing records is dated May 7, 2014 and therefore should have been produced in July 2014. Docket No. 197 at 4. Moreover, defendants state that, as a result of receiving this summary on the eve of trial, they are not able to conduct fact or expert discovery regarding it. *Id*. at 6.

Applying the four *Woodworker's* factors noted above in the Court's discussion of Docket No. 194, the Court finds that none of the factors weigh in favor of plaintiff.

Plaintiff does not provide any explanation for the summary's late production or any reason to believe that it would not prejudice defendants at this stage. Moreover, plaintiff has not suggested ways that prejudice to the defendants could be mitigated. The Court therefore finds that plaintiff's Rule 26(a) violation was not substantially justified or harmless. The Court will exclude this portion of Exhibit 376.

Second, as to the other exhibits that defendants challenge, plaintiff simply states that these documents were listed on the parties' proposed final pretrial order [Docket No. 143] and defendants never complained about them or asked to look at them. Docket No. 209 at 1. Plaintiff cites no authority for the proposition that listing documents for the first time in a draft final pretrial order satisfies Fed. R. Civ. P. 26 or 37(c)(1) or for the proposition that a party's failure to object to an opponent doing so until shortly before trial somehow waives that party's right to object. Applying the four *Woodworker's* factors, the Court finds that plaintiff's Rule 26(a) violation was not substantially justified or harmless. As a result, Exhibits 365, 383, pp. 54-117, 384, and 386, pp. 6-92 will be excluded. The Court reserves ruling on Exhibits 382 and 387 to 390, since these exhibits may be routine demonstrative exhibits and neither side has provided copies for the Court's review.

### D. **Defendants' Motion to Preclude Plaintiff from Relying on Deposition Testimony for Witnesses Within Subpoena Power or Present at Trial**

Defendants' motion [Docket No. 199] has two parts. First, defendants seek to preclude plaintiff from introducing the deposition testimony of Jason Elwood, Kim Powers, and Earl Bernard because these witnesses should be subpoenaed instead. *See* Fed. R. Civ. P. 32(a)(4) ("A party may use for any purpose the deposition of a

witness, whether or not a party, if the court finds (A) that the witness is dead; (B) that the witness is more than 100 miles from the place of hearing or trial. . . ; (C) that the witness cannot attend because of age, illness, infirmity, or imprisonment; (D) that the party offering the deposition could not procure the witness's attendance by subpoena; or (E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court–to permit the deposition to be used."); see Docket No. 199 at 1. Plaintiff has not responded to defendants' motion. Because plaintiff offers no reason to believe that these witnesses satisfy Rule 32(a)(4), the Court finds that plaintiff may not introduce the deposition testimony of Mr. Elwood, Ms. Powers, or Mr. Bernard.

In the second part of their motion, defendants seek to preclude plaintiff from introducing Kirk Ney's deposition testimony. Defendants acknowledge that Fed. R. Civ. P. 32(a)(3) permits an adverse party to use Fed. R. Civ. P. 30(b)(6) deposition testimony at trial, Docket No. 199 at 4, but argue that the circumstances of Mr. Ney's deposition make Rule 32(a)(3) inapplicable because plaintiff deposed Mr. Ney as both a Rule 30(b)(6) witness and as a fact witness without clearly distinguishing in what capacity he was testifying during the deposition. *Id*. Plaintiff has not responded to defendants' arguments or attempted to clarify which portions of Mr. Ney's deposition constitute his testimony as a Rule 30(b)(6) witness. In the absence of any information to the contrary, the Court finds that plaintiff's failure to separate her Rule 30(b)(6) questions from her questions to Mr. Ney in his personal capacity makes Rule 32(a)(3) inapplicable. Accordingly, plaintiff may not introduce Mr. Ney's deposition testimony pursuant to Rule 32(a)(3).

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendants' Motion in Limine to Exclude Undisclosed Witnesses [Docket No. 194] is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that plaintiff may not call as witnesses Ursula Hotz, Dr. Susan Simon, and Ryan White. Plaintiff may call Matthew White assuming that he was disclosed in January 2014. The motion regarding Lisa Hebinck is denied as moot. It is further

**ORDERED** that defendants' Motion in Limine to Preclude Testimony by W. Glenn Soileau, Documents from the *Soileau* Case and Evidence of Discovery Disputes [Docket No. 195] is **GRANTED**. It is further

**ORDERED** that defendants' Motion in Limine to Exclude Newly Disclosed Exhibits [Docket No. 197] is **GRANTED** in part and held in abeyance in part. It is further

**ORDERED** that Exhibits 365, 383, pp. 54-117, 384, and 386, pp. 6-92 are excluded. It is further

**ORDERED** that defendants Motion in Limine to Preclude Plaintiff from Relying on Deposition Testimony for Witnesses within Subpoena Power or Present at Trial [Docket No. 199] is **GRANTED**. It is further

**ORDERED** that plaintiff may not introduce the deposition testimony of Jason Elwood, Kim Powers, or Earl Bernard pursuant to Fed. R. Civ. P. 32(a)(4) and may not introduce portions of Kirk Ney's deposition testimony pursuant to Fed. R. Civ.

P. 32(a)(3).

DATED February 10, 2016.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge