IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02173-PAB-NYW

MIRIAM WHITE,

    Plaintiff,

v.

DEERE & COMPANY and
JOHN DEERE LIMITED,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on plaintiff's Motion in Limine No. 1–6 [Docket No.187-91, 196].

## I. BACKGROUND

This is a products liability action that arises out of an accident that occurred on August 17, 2011 while plaintiff Miriam White was operating her Deere Model 4600 compact utility tractor and Model 460 loader. Ms. White claims that she suffered facial injuries and traumatic brain injury as a result of a hay bale falling onto her while operating the tractor. Docket No. 150 at 2. Ms. White alleges that her tractor had design defects that created an unreasonable risk of injury from falling hay bales and that her injuries resulted from these defects. Docket No. 150 at 2-3.

## II. ANALYSIS

### A. <u>Plaintiff's Motion in Limine No. 1</u>

Plaintiff's Motion in Limine No. 1 [Docket No. 187] seeks to exclude defendants' Proposed Jury Instruction No. 29 and any evidence or argument regarding the presumption of Colo. Rev. Stat. § 13-21-403(3). Colo. Rev. Stat. §13-21-403(3) provides:

> Ten years after a product is first sold for use or consumption, it shall be rebuttably presumed that the product was not defective and that the manufacturer or seller thereof was not negligent and that all warnings and instructions were proper and adequate.

It is evident that there are numerous factual issues that prevent the Court from resolving this motion before trial. Thus, this issue will be resolved in the course of determining jury instructions.

### B. <u>Plaintiff's Motion in Limine No. 2</u>

Plaintiff's Motion in Limine No. 2 [Docket No. 188] seeks to exclude any testimony from Kirk Ney regarding the total number of customer hours in which the Model 4600 tractor has been operated without any similar accidents. Docket No. 188 at 1. Plaintiff asserts that Mr. Ney's expert report and deposition do not include any discussion of how he calculated the total number of customer hours in which the Model 4600 tractor has been put to use or the criteria he used to characterize "similar incidents." *Id*. at 1-2.

Defendants generally respond that Mr. Ney will testify as a fact witness as to the lack of similar incidents. Docket No. 204 at 3. On the issue of how many hours the Model 4600 tractor has operated without a similar incident, defendants simply state that

2

"Mr. Ney will testify as to how he calculated that figure." *Id*. The question becomes whether defendants' failure to disclose how Mr. Ney made this calculation should be grounds to exclude his testimony about the total number of hours.[1]

Mr. Ney has stated on several occasions that the Model 4600 tractor or models similar to it have operated for millions of hours without similar accidents. *See* Docket No. 104-1 at 11 (Ney expert report dated May 7, 2015); Docket No. 108-3 at 4 (Ney declaration in support of summary judgment motion). However, on no occasion has he explained how he arrived at his estimation of the number of hours. Defendants do not claim that information allowing plaintiff to estimate the number of hours has been produced. Presumably, this calculation has to do with the number of tractors estimated to be in operation and the number of hours that a typical tractor is used. Without identifying the formula or type of data that Mr. Ney used to perform his estimation, defendants do not provide the information necessary to decide whether Mr. Ney can testify to his estimation as a fact witness, which he claims to be doing, or whether he is basing his estimation on assumptions or judgments that make it expert testimony. *Compare James River Ins. Co. v. Rapid Funding, LLC,* 658 F.3d 1207, 1214-15 (10th Cir. 2011) (Rule 701). Because this information is only known to defendants and because it concerns a matter of importance (tractors being operated for millions of hours without similar accidents may be persuasive to the jury as to whether the tractor has a design defect or whether there was a failure to warn), defendants' failure to

---

[1] Plaintiff cites Fed. R. Evid. 702 and 403 in support of her motion. However, because the issue seems to be a lack of disclosure, the Court will charitably assume that plaintiff moves to exclude such testimony because defendants failed to disclose the basis for the expert opinion pursuant to Fed. R. Civ. P. 26(a)(2)(B)(ii).

disclose the basis for Mr. Ney's testimony, either in connection with defendants' Rule 26(a) discovery obligations or in connection with defendants' response to plaintiff's motion in limine, precludes Mr. Ney from testifying about the number of hours.

Defendants also claim that Mr. Ney has a proper basis to testify that there have been no similar accidents or incidents regarding the Model 4600 tractor or models similar to it. Defendants contend Mr. Ney's definition of "similar incident" is provided in his April 29, 2015 deposition as "the overall universe of fall-off of the front end loader, pallet fork, bucket, or any other attachment . . . for the [Models] 4500, 4600, and 4700." *See* Docket No. 204 at 2. Defendants note that this mirrors the magistrate judge's March 23, 2015 discovery order limiting the scope of discovery. Docket No. 77 at 3. There, the magistrate judge ordered the defendants to produce "any accident reports or documents reflecting accidents involving fall back incidents with the 4600 Tractor, 4500 Tractor, 4700 Tractor, 460 Loader, and any attachment to the 460 Loader." Docket No. 77 at 24. That is the criteria Mr. Ney used in responding to questions about the lack of similar accidents in his deposition. *See* Docket No. 204-1 at 3-4 (Ney Depo., 19:5-23:11).

The Court agrees with defendants that Mr. Ney has identified the criteria for what constitutes a similar incident and provided a foundation for his statement that no similar accident has occurred. In his Rule 30(b)(6) deposition, Mr. Ney testified regarding the search he conducted for similar accidents, specifically, those relating to a load falling from the front end loader, pallet fork, bucket, or other attachment for the Model 4500, 4600, and 4700 tractors, using Deere's Enterprise Product Incident Report System ("EPIRS"), a system with which he is familiar. *Id.*, 204-1 at 3 (Ney Depo., 20:12-21:20).

4

Mr. Ney stated that there are many sources from which EPIRS collects incident reports. *Id*. (Ney Depo., 21:18-22). Customers may report incidents directly to Deere by phone or email, and Deere encourages its dealers to report incidents. *Id*. at 4 (Ney Depo., 22:3-9). Mr. Ney testified that Deere also uses web crawlers to automatically search the internet using certain keywords for incidents involving Deere products and then generate reports for input into EPIRS. *Id*. at 4 (Ney Depo., 22:20-23:1). Mr. Ney testified that insurance and legal claims regarding Deere products are added to EPIRS once Deere receives notice of those claims. *Id*. (Ney Depo., 23:2-8). Based on the evidence provided by defendants, the Court finds that Mr. Ney has an appropriate foundation to testify as to the results of his search of the EPIRS for similar incidents.

"[E]vidence of the lack of similar accidents is relevant to show (1) absence of the defect or other condition alleged, (2) lack of a causal relationship between the injury and the defect or condition charged, and (3) nonexistence of an unduly dangerous situation. . . . [Thus,] evidence of the absence of similar accidents or claims is admissible as long as the proponent provides adequate foundation." *Pandit v. Am. Honda Motor Co.,* 82 F.3d 376, 380 (10th Cir. 1996) (internal citations omitted). The Court finds that Mr. Ney's testimony that there have been no similar accidents or incidents regarding the Model 4600 tractor or models similar to it is relevant and admissible.

### C. **Plaintiff's Motion in Limine No. 3**

Plaintiff asks the Court to deny defendants' Proposed Jury Instruction No. 22 and to exclude any evidence defendants may offer that she "failed to purchase a tractor that

had the capabilities and safety features that she alleges were not provided with the 460/4600 tractor/loader." Docket No. 189 at 1.

Due to the factual disputes regarding what choices plaintiff was aware of at the time she purchased the tractor, loader, and attachments in question, *see* Docket No. 178 at 14-15, the Court will defer any ruling on plaintiff's motion until the jury instruction conferences.

### D. Plaintiff's Motion in Limine No. 4

Plaintiff's Motion in Limine No. 4 [Docket No. 190] seeks to exclude any opinion testimony from Ray and Sue Koplin, who purchased the 4600 tractor previously belonging to Ms. White. Docket No. 190 at 1. Defendants respond, somewhat ambiguously, that they do not intend to offer any opinion testimony through Mr. and Ms. Koplin, but rather "only provide factual testimony. . . about the tractor, loader, and equipment sold to them by [p]laintiff." Docket No. 206 at 2. Defendants may ask the Koplins about the condition of the tractor at the time they purchased it and at the time the parties later inspected it. Otherwise, plaintiff's motion in limine is granted on the grounds that testimony about the subjects identified in plaintiff's motion in limine would be irrelevant and unduly prejudicial.

### E. Plaintiff's Motion in Limine No. 5

Plaintiff's Motion in Limine No. 5 [Docket No. 191] seeks to exclude defendants' Exhibit A-97, a video recording of defendants' expert Robert Cargill operating a 4600 Model tractor with a 460 Model loader lifting a large bale of hay. Docket No. 191 at 1. Plaintiff states that the video recording depicts the operation of a tractor that is not

ballasted and in which the operator has loaded the bale off-center, two conditions which do not replicate the circumstances of plaintiff's accident. *Id*. at 1, 8-10. Plaintiff attaches several still images from the video which support her description of Dr. Cargill's operation of the tractor in the video–unballasted and with an off-center load. *Id*. at 5-7. The Court has viewed the video, which shows at various times at least one of the tractor's back wheels coming off the ground and the tractor rocking sideways.

Plaintiff argues that the video is inadmissible under Fed. R. Evid. 402 and 403 and that it fails to satisfy the requirements of Fed. R. Evid. 702 and 703. *Id* at 1. In support, plaintiff cites *Gilbert v. Cosco, Inc.*, 989 F.2d 399, 402 (10th Cir. 1993), which held that "experiments which purport to recreate an accident must be conducted under conditions similar to that accident, while experiments which demonstrate general principles used in forming an expert's opinion are not required to strictly adhere to the conditions of the accident."

Defendants respond that the video is not an accident reconstruction video and that it is only offered to demonstrate general principles of physics. Docket No. 207 at 1-2. Defendants also argue that plaintiff's objection is untimely because she did not move to exclude the video within thirty days of rebuttal disclosures. *See* Practice Standards (Civil cases), Judge Philip A. Brimmer, § III.G. Docket No. 207 at 4. The Court rejects defendants' second argument because plaintiff's motion in limine does not focus on an opinion of Dr. Cargill, but instead on the introduction of an exhibit.

The Court finds that the video is inadmissible pursuant to *Gilbert* and Rule 403. Defendants cite no facts in the record that support the tractor being unballasted or the

hay bale being loaded unevenly on the pallet fork tines. Thus, any physical principles the video allegedly demonstrates are combined with visuals supporting Dr. Cargill's causation theory (that the bale fell to the side, not over the back of the loader) and suggesting a dangerous tipping risk due to an absence of ballast, which is speculative. The video's probative value concerning relevant physical principles is substantially outweighed by the danger that the jury will be misled as to the conditions under which the accident occurred.

### F. Plaintiff's Motion in Limine No. 6

Plaintiff's Motion in Limine No. 6 [Docket No. 196] asks the Court to deny defendants' Proposed Jury Instruction No. 19 and seeks to preclude defendants from introducing any evidence to support their affirmative defense of misuse. Docket No. 196 at 1.

Plaintiff argues that defendants' Proposed Jury Instruction No. 19 improperly places the burden on plaintiff to establish that she did not misuse the product, as compared to placing the burden on defendants to establish that plaintiff misused the product. *Id*. Defendants' Proposed Jury Instruction No. 19 states: "For the plaintiff, Miriam White, to recover from the defendant, Deere & Company, on her claim of sale of a defective product, you must find all of the following have been proved by a preponderance of the evidence: . . . 10. Misuse of the 4600 Tractor and 460 Loader was not a cause of her injuries." Docket No. 163-1 at 20. The Court addressed this issue in its order on defendants' motion for summary judgment and held that the burden is on defendants. Docket No. 178 at 10. Accordingly, the Court finds that defendants' Proposed Jury Instruction No. 19 improperly places the burden on plaintiff to show that

8

her misuse was not a cause of her injuries.

Plaintiff next argues that because defendants cannot establish that plaintiff's conduct was unforeseeable, they should not be able to present any evidence regarding their theory of misuse and that doing so would only serve to confuse the jury. Docket No. 196 at 3. Plaintiff cites portions of Mr. Ney's deposition in which he states that defendants knew that operators used front-end loaders with pallet fork attachments to lift square and round hay bales, and that operators have been killed by falling round bales of hay. *Id*. at 2, 5-6.

The cases cited by plaintiff do not require in limine exclusion of defendants' misuse theory in this case. The propriety of misuse instructions in *Armentrout v. FMC Corp.,* 842 P.2d 175, 187-89 (Colo. 1992), and *Schmutz v. Bolles*, 800 P.2d 1307, 1316 (Colo. 1990), was determined based on evidence presented at trial. Further, the cited portions of Mr. Ney's deposition do not establish whether prior accidents involving the 4600 Model tractor and 460 Model loader did, in fact, involve operator conduct similar to Ms. White's. Specifically, none of the cited portions of Mr. Ney's deposition discusses conduct similar to Ms. White's alleged misuse in lifting a hay bale exceeding the weight limits warned of in the operator's manual.

Additionally, "[a] misuse instruction is also proper when an individual fails to read or heed a manufacturer's instructions and warnings." *White v. Caterpillar, Inc.*, 867 P.2d 100, 107 (Colo. App. 1993) (citing *Peterson v. Parke Davis & Co.*, 705 P.2d 1001 (Colo. App. 1985)). Here, the undisputed evidence is that Ms. White read the entire operator's manual and that the manual repeatedly warns the user not to exceed a bale weight of 700 pounds. Docket No. 178 at 2-4. The bale involved in this incident

apparently weighed approximately 1500 pounds.

Accordingly, the Court finds that defendants may introduce evidence in support of their misuse theory. Whether defendants are entitled to a misuse instruction will be determined at the close of the evidence.

## III. CONCLUSION

For the foregoing reasons it is

**ORDERED** that plaintiff's Motion in Limine No. 1 [Docket No. 187] is held in abeyance. It is further

**ORDERED** that plaintiff's Motion in Limine No. 2 [Docket No. 188] is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that Kirk Ney may not testify regarding the total number of hours in which the Model 4600 tractor has been operated.

**ORDERED** that plaintiff's Motion in Limine No. 3 [Docket No. 189] is held in abeyance. It is further

**ORDERED** that plaintiff's Motion in Limine No. 4 [Docket No. 190] is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that plaintiff's Motion in Limine No. 5 [Docket No. 191] is **GRANTED**. It is further

**ORDERED** that defendants may not introduce Exhibit A-97. It is further

**ORDERED** that plaintiff's Motion in Limine No. 6 [Docket No. 196] is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that defendants' Proposed Jury Instruction No. 19 is rejected.

DATED February 11, 2016.

                                                BY THE COURT:

                                           s/Philip A. Brimmer
                                           PHILIP A. BRIMMER
                                           United States District Judge